**UNITED STATES of America,**
Plaintiff,

v.

**Luis Mercado PAGAN, Sylvia Rodriguez Duran,**
Defendants.

**No. CRIM. 02–247(JAG).**

United States District Court, D. Puerto Rico.

Oct. 2, 2003.

Lynn M. Doble–Salicrup, United State Attorney's Office, San Juan, PR, for Plaintiff.

Juan R. Acevedo–Cruz, Arturo R. Negron–Garcia, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On October 31, 2002, defendants Luis Mercado–Pagan ("Mercado–Pagan") and Sylvia Rodriguez–Duran ("Rodriguez–Duran")(collectively "defendants") moved to suppress the evidence obtained from a search of their two apartments by agents from the Puerto Rico Police Department's Narcotics Division (Docket No. 42). On November 5, 2002, the Court referred the motion to Magistrate–Judge Justo Arenas for a Report and Recommendation (Docket No. 45). On November 29, 2002, the United States of America (the "Government") filed its opposition (Docket No. 53). During the months of February and March 2003, Magistrate–Judge Arenas held a suppression hearing over a period of several days (Docket Nos. 61, 62, 64, 65). On July 10, 2003, having received and reviewed the parties' supplemental memoranda (Docket Nos. 78, 81), Magistrate–Judge Arenas recommended that the Court grant defendants' motion to suppress insofar as the affidavit filed in support of the warrant application contained false statements regarding alleged drug

transactions witnessed by the affiant, agent Luis R. Rodriguez–Molina ("Rodriguez–Molina"), and without the statements, the affidavit fails to establish probable cause (Docket No. 84). On August 1, 2003, upon the Government's failure to timely file objections to the Report and Recommendation, the Court adopted it in its entirety and granted defendants' motion to suppress (Docket No. 86). On August 4, 2003, the Government moved for reconsideration of the Court's order of August 1, 2003 (Docket No. 88) and for leave to file its objections (Docket No. 87). For the reasons discussed below, the Court **DENIES** the Government's motion for reconsideration.

## FACTUAL BACKGROUND[1]

On June 13, 2002, a Municipal Judge of the Commonwealth of Puerto Rico sitting in Mayaguez, issued a warrant authorizing the search of apartment number 105, Building Q, which defendants own, and apartment number 102, Building K, which they rent, at the "Villas del Deportivo" apartment complex in Cabo Rojo, Puerto Rico. The warrant was based exclusively upon the affidavit of agent Rodriguez–Molina. On June 14, 2002, officers from the Puerto Rico Police Department executed the warrant. The search of both apartments yielded approximately 172 marihuana plants and a .38 caliber Smith & Wesson revolver. The agents then arrested the defendants.

On June 20, 2002, a grand jury sitting in this district indicted the defendants with two counts: (1) aiding and abetting and unlawfully and intentionally possessing with intent to manufacture and distribute 172 marihuana plants in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (2) aiding and abetting each other and knowingly and unlawfully possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 921(a)(3).

## DISCUSSION

A. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

■ A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate–Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 503. Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 510.2, the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. *See* 28 U.S.C. § 636(b)(1). If the adversely affected party files timely objections to the Magistrate–Judge's Report and Recommendation, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R.1998).

B. *Standard under Franks v. Delaware*

■ Pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978),

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the war-

---

1. The Court takes the relevant facts from the Report and Recommendation (Docket No. 84).

rant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id.* at 155–6, 98 S.Ct. 2674. The Courts generally presume that an affidavit submitted in support of a search warrant application is valid, "but that presumption may be surmounted by a showing that it contains either (1) a 'false statement [made] knowingly and intentionally, or with reckless disregard for the truth' or (2) 'technically accurate statements' that 'have been rendered misleading by material omissions....'" *U.S. v. Grant,* 218 F.3d 72, 77 (1st Cir.2000) (citations omitted).

In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. *Franks,* 438 U.S. at 156, 98 S.Ct. 2674. "[T]he use of false statements to obtain a warrant violates the Fourth Amendment." *Moreta–Ramirez v. Lemert,* 233 F.Supp.2d 286, 290 (D.P.R.2002).

### C. *The Government's Motion for Reconsideration*

■ The Government argues that the Court should reconsider its order adopting the Magistrate–Judge's Report and Recommendation because defendants have presented no evidence to dispute agent Rodriguez–Molina's observations of June 11, 2002, and that these observations by themselves are sufficient to establish probable cause and avoid suppression of the fruits of the search. The Court, however, disagrees.

Agent Rodriguez–Molina's affidavit describes two drug transactions involving Mercado–Pagan and an unidentified man driving a white van, which he claims to have witnessed on June 7 and 11, 2002, respectively. During the *Franks* hearing, defendants proved by a preponderance of the evidence that Mercado–Pagan was not and could not have been present at the transaction agent Rodriguez–Molina allegedly witnessed on June 7, 2002, and that, therefore, the statements relating to that date were false. Although they did not present evidence to dispute the observations of June 11, 2002, Magistrate–Judge Arenas nevertheless discarded that part of agent Rodriguez–Molina's affidavit because he doubted agent Rodriguez–Molina's credibility. "[E]ven though it is possible that the drug transaction described by agent Rodriguez–Molina on June 11, 2002 occurred, his credibility has already been compromised." (Docket No. 84 at 16).

Additionally, during cross-examination, agent Rodriguez–Molina revealed that another agent, Pedro Pagan ("Pagan"), had accompanied him during the June 11, 2002 surveillance, but that he had not been able to observe any of the events reported in the affidavit (*Id.* at 17). Agent Rodriguez–Molina did not include this information in the affidavit. He further testified that, when the officers conducted the search of the apartments, they confiscated Mercado–Pagan's Ford Bronco and the white van he had seen previously driven by the unidentified man.[2] The white van had to be towed away because it was disabled and could not move under its own power, thus casting the shadow of doubt over agent Rodriguez–Molina's allegations that he had witnessed a man driving that same van

---

**2.** The white van is registered to co-defendant     Rodriguez–Duran.

just three days earlier. Therefore, although defendants may not have offered an alternate explanation as to Mercado–Pagan's whereabouts on June 11, 2002, sufficient evidence exists on the record to challenge the veracity of agent Rodriguez–Molina's statements.

 "When a defendant offers proof of an omission, the 'issue is whether, even had the omitted statements been included in the affidavit, there was still probable cause to issue the warrant.'" *United States v. Higgins*, 995 F.2d 1, 4 (1st Cir.1993)(*quoting United States v. Rumney*, 867 F.2d 714, 720–1 (1st Cir.1989)). Had the omitted information been included, the affidavit would have shown that the testimony of officer Rodriguez–Molina could not have been corroborated even by a fellow officer who accompanied him during the surveillance, thus compromising the reliability of the information. The Court finds that probable cause could not have been established with these statements.

Without further evidence to support the warrant application, the Court must suppress the evidence seized from apartment 105, Building Q and apartment 102, Building K at the "Villas del Deportivo" apartment complex.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** the Government's motion for reconsideration (Docket No. 88).

IT IS SO ORDERED.