Jose Luis Ruiz CANCEL, et al. Plaintiffs

v.

**HOSPITAL SAN CARLOS BORROMEO, et al.**
Defendants

No. CIV. 02–2176(SEC).

United States District Court, D. Puerto Rico.

March 22, 2004.

Antonio Moreda–Toledo, Esq., Irma R. Valldejuli–Perez, Esq., San Juan, PR, for Plaintiffs.

Jose R. Cancio–Bigas, Esq., Hato Rey, PR, Roberto E. Ruiz–Comas, Esq., Pedro J. Varela–Fernandez, Esq., San Juan, PR, Gilda Del C. Cruz–Martino, Esq., Hato

Rey, PR, Wallace Vazquez–Sanabria, Esq., San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court are Co-defendant American International Insurance Company of Puerto Rico's ("AIICO") motion for summary judgment and supplementary motion for summary judgment (**Dockets ## 37 & 52**). Plaintiff filed an opposition to AIICO's first motion for summary judgment (**Docket # 38**) but failed to oppose AIICO's supplementary motion. The Court then referred this case to Magistrate–Judge Camille Vélez–Rivé for a Report and Recommendation (**Docket # 73**). On March 2, 2005 Magistrate Vélez–Rivé issued her report, recommending that AII-CO's motion for summary judgment be granted in its entirety and that all of Plaintiffs' claims against AIICO be dismissed with prejudice (**Docket # 81**). Neither party has filed any objections to the Magistrate's report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation. Accordingly, the Court will **GRANT** AII-CO's motion for summary judgment and dismiss all of Plaintiffs' claims against AIICO.

### Standard of Review

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed.R.Civ.P. 72(b) and Local Rule 72(a) for the District of Puerto Rico, a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). The adversely affected party can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado–Pagan,* 286 F.Supp.2d 231, 233 (D.P.R.2003)

(*quoting* 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which [an] objection is made." *Id.* The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, " 'the district court can assume that they have agreed to the magistrate's recommendation.' " *Alamo–Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003) (*quoting Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985)). Thus, no review is required of those issues to which objections are not timely raised. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Borden v. Sec'y of Health & Human Services,* 836 F.2d 4, 6 (1st Cir.1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir. 1994); *United States v. Valencia–Copete,* 792 F.2d 4, 5 (1st Cir.1986); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court

and those claims not preserved by such objection are precluded on appeal").

### Analysis

Neither party has objected to the Magistrate Judge's Report and Recommendation, thus we are not required by law to review it. However, upon review, we find no fault with Magistrate Judge Vélez–Rivé's assessment and thus **APPROVE** and **ADOPT** her Report and Recommendation as our own. Consequently, AIICO's motion for summary judgment is **GRANTED**. Thus, all of Plaintiffs' claims against AIICO will be **DISMISSED WITH PREJUDICE**. Partial Judgment shall be entered accordingly.

**SO ORDERED.**

### REPORT AND RECOMMENDATION

VELEZ–RIVE, United States Magistrate Judge.

### I.  INTRODUCTION

Co-defendant American International Insurance Company of Puerto Rico (hereinafter "American") filed a Motion for Summary Judgment, a Supplementary Memorandum in Law in Support, and Statement of Uncontested Facts (**Docket Nos. 37**). Plaintiffs filed their Opposition to Summary Judgment (**Docket No. 38**). The record also shows American filed a Supplementary Motion Requesting Summary Judgment which remains unopposed (**Docket No. 52**). American has also replied to plaintiff's response regarding the related issues of production of insurance policies and the kind and periods of the policies in force (**Docket No. 65**). On January 13, 2005, these motions were referred by the Court, for report and recommendation (**Docket No. 73**).

### II.  ANALYSIS

#### A.  Summary Judgment Standard.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." *Vega–Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997). After the moving party has satisfied this burden, the *onus* shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." *Cortes–Irizarry v. Corporacion Insular*, 111 F.3d 184, 187 (1st Cir.1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id.* Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id.*

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." *Greenburg v. Puerto Rico Mar. Shipping Auth.,*

835 F.2d 932, 936 (1st Cir.1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes,* 116 F.3d 957, 960 (1st Cir.1997).

## B. Legal Discussion.

Plaintiffs' action against co-defendant American is predicated on alleged breach of EMTALA[1] provisions and negligent treatment when José Luis Ruiz Cancel arrived at the emergency room of the Hospital San Carlos around August 10, 2001.

■ As to American, plaintiffs submit American had issued a commercial lines policy [Policy No. 169–01241] to cover Hospital San Carlos' professional liability providing coverage at all times regarding their claims and as such it is severally and jointly liable for acts or omissions of the latter.

After several discovery proceedings, co-defendant American filed its motion for summary judgment supported by a sworn statement of Ms. Carmen E. Alfonso, litigator supervisor for American. American submits that, although it had issued a prior policy to Hospital San Carlos under number 169–01241, this was a "claims made" policy upon which the Hospital had to notify American during the effective period of said policy of any incident which might be considered to come within the coverage of said policy or any judicial claim. American avers that, since plaintiffs' claim referred to incidents which transpired on August 10, 2001 and the policy expired on August 18, 2001, their claim was not covered by the policy in effect since plaintiffs' action was notified for the first time on June 8, 2004. **(Docket No. 52).**

In addition, American claims insurance policy number 169–01285 [a renewal of Policy no. 169–01241] also mentioned by plaintiffs had not yet been issued insofar as plaintiffs' claim is related. Policy number 169–01285, renewal policy 169–01241, was effective on August 18, 2001, that is eight (8) days after the alleged incident object of this claim transpired and the policy did not have retroactive effect. Since the facts related to plaintiffs' claim took place on August 10, 2001, above policy did not provide coverage. **(Docket No. 52).**

For these reasons, American had no insurance policy to cover plaintiffs' claim as to Hospital San Carlos, for which it requests summary disposition of plaintiffs' claim against it.

Plaintiffs do not contest with relevant evidence of record American's proposition that it had no policy in effect to cover plaintiffs' claim against Hospital San Carlos. Plaintiffs solely claim that, upon discovery obtained from the Office of the Insurance Commissioner, they obtained copy of policy number 169–01241 issued by American to cover liability for Hospital San Carlos from August 18, 2000 through August 18, 2001, which seems to have been in effect when the incident took place on August 10, 2001. As such, plaintiffs assume there is a contradiction between this policy obtained from the Office of the Insurance Commissioner and the sworn declaration of Ms. Alfonso in support of American's allegation of lack of coverage.

American has duly explained the alleged contradiction indicating the previous policy number 169–01241 was a "claims made" policy, one without retroactive effect, that was effective until December 14, 2001. Since plaintiffs' claim was notified for the

---

**1.** Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd (2003).

first time to the insurer/insured on June 8, 2004, a "claims made" policy in effect solely until December 14, 2001, would not cover plaintiffs' claim. In addition, American has also clarified policy number 169–01285 [a renewal of policy 169–01241] started on August 18, 2001, eight (8) days after the incident at Hospital San Carlos occurred. As such, policy number 169–01285 could not provide coverage for plaintiffs' claims.

 A "claims made" policy as opposed to an "occurrence" policy extends coverage to any claims made within the policy period, even if the acts on which those claims were based occurred prior to the policy period. *Home Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 229 F.3d 56, 59 (1st Cir. 2000).

To the contrary, an occurrence policy provides coverage for occurrences within the policy period regardless of when the claim is made and is distinguished from a claims-made policy, which only covers the insured for claims that are actually made during the policy period. *Mercado–Boneta v. Administracion del Fondo de Compensacion Al Paciente through Ins. Com'r of Puerto Rico*, 125 F.3d 9, 11 (1st Cir.1997).

As such, it can be concluded, without opposition, that there was no policy by co-defendant American which would cover plaintiffs' claim and summary disposition is appropriate.

### III. CONCLUSION

In light of the above, and there being no genuine issues of material facts in controversy, it is recommended that co-defendant American's request for summary judgment BE GRANTED. Consequently, it is recommended all claims against co-defendant American BE DISMISSED with prejudice.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

IT IS SO ORDERED.

March 2, 2005.