**UNITED STATES of America, Plaintiff**

v.

**ROSARIO–MIRANDO, et al., Defendant(s).**

**Criminal No. 07–212 (JAG).**

United States District Court, D. Puerto Rico.

Feb. 19, 2008.

G. Andrew Massucco–LaTaif, United States Attorney's Office, San Juan, PR, for Plaintiff.

Rafael Castro–Lang, Castro & Castro Law Office, Fernando J. Carlo–Gorbea, Fernando J. Carlo Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Norberto Rosario Miranda's ("Rosario Miranda")

and Maribel Rivera Lopez's ("Lopez Rivera") (collectively "Defendants") Motion to Suppress. (Docket No. 61). For the reasons set forth below, the Court **DENIES** the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2007, a warrant to search a residence and two vehicles was issued by the State Court. The search warrant was issued as a result of the sworn statement made by state police officer Agent Wilfred Ramos Nieves ("Agent Ramos"). The execution of the search warrant yielded the following items: 1) cocaine "stones," a pistol, $ 111,242.17 in cash, and drug paraphernalia. With regards to one of the vehicles searched, the inventory list indicates that a compartment was found in the dash area, which is commonly used to transport drugs, weapons and/or money. (Docket No. 61).

On November 8, 2007 Defendants filed a Motion to Suppress requesting that a *Franks*[1] hearing be held and that after holding the hearing "the Court suppress all items, narcotics, firearms, money and all evidence recovered based on the search warrants." (Docket No. 61). In support of their Motion to Suppress, Defendants filed three sworn statements under penalty of perjury. Two of the statements under penalty of perjury were subscribed by the Defendants themselves. The third statement was subscribed by a witness named Sylvia Rosario Viruet ("Rosario Viruet"). In said statement, Rosario Viruet mentions that she read Agent Ramos's statement. Rosario Viruet avers that Agent Ramos provided a false statement in the affidavit used in the aforementioned warrant. Spe-

---

**1.** A Franks hearing is customarily ordered when a Defendant makes a preliminary showing that a warrant's affidavit contains knowing or reckless material falsities or omissions, which may compromise the adequacy of the affidavit. *United States v. Dung Cao,* 471 F.3d 1, 3 (1st Cir.2006)(internal citations omitted).

cifically, Rosario Viruet states that Agent Ramos's allegation that on May 7, 2007, Rosario Miranda gave several plastic bags to the owner of a Mazda vehicle with license plate GHJ–644 is false. According to Rosario Viruet, those events never took place. Rosario Viruet is the owner of the Mazda vehicle and was in possession of said vehicle on May 7, 2007. (Docket No. 61, Exh. 3–5).

Defendants' Motion to Suppress was referred to a Magistrate Judge. (Docket No. 68). On January 23, 2008, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge concluded that Defendants' request for a *Franks* hearing be denied. According to the Magistrate Judge, Defendants' statements under penalty of perjury were self serving and were not sufficient to overcome the warrant's presumption of validity. The Magistrate Judge also addressed Rosario Viruet's statement.

The Magistrate Judge noted in his Report and Recommendation that Rosario Viruet's statement is limited to incidents that occurred on May 7, 2007, while Agent Ramos's affidavit is not limited to the events that occurred on that date. In addition to the events that occurred on May 7, 2007, Agent Ramos's affidavit encompasses events that occurred on April 23, 2007, and May 8, 2007. According to the Magistrate Judge, if the May 7, 2007 events were to be excluded, "the remaining events provide a sufficient and independent basis for a finding of probable cause to search the residence at issue." Accordingly, the Magistrate Judge recommended that Defendants' request for a *Franks* hearing be denied. (Docket No. 78).

On February 4, 2008, Defendants objected the totality of the Report and Recommendation. Defendants contend that this Court should grant a *Franks* hearing because Defendants' sworn statements and Rosario Viruet's statement demonstrate that Agent Ramos intentionally lied in his statement. (Docket No. 79).

## STANDARD OF REVIEW

1) *Standard for Reviewing a Magistrate-Judge's Report and Recommendation*

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp .2d 144, 146 (D.P.R.2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan*, 286 F.Supp.2d 231, 233 (D.P.R.2003) (quoting 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.*, 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." *Alamo Rodriguez*, 286 F.Supp .2d at 146 (quoting *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985)).

## DISCUSSION

Defendants argue that they have a Fourth Amendment right to a *Franks* hearing. A defendant is entitled to an evidentiary hearing under *Franks* when he "makes a substantial preliminary showing that both (1) a false statement knowingly

and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit and (2) the allegedly false statement is necessary to the finding of probable cause." *United States v. Reiner*, 500 F.3d 10, 14 (1st Cir.2007)(citing *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). Thus, to mandate a *Franks* hearing, a defendant must offer allegations that are more than conclusory and must be supported by more than a mere desire to cross-examine. *Franks*, 438 U.S. at 171, 98 S.Ct. 2674.

■ Defendants' allegations of deliberate falsehood or of reckless disregard for the truth must be accompanied by an offer of proof. *Id.* Adequate offers of proof include affidavits or sworn or otherwise reliable statements of witnesses. *Id.* They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. *Id.* However, a Defendant's self serving statement is not a sufficient offer of proof. *United States v. McDonald*, 723 F.2d 1288, 1294 (7th Cir.1983).

■ It is well settled law that there is a presumption of validity with respect to the affidavit supporting a search warrant. *Franks*, 438 U.S. at 171, 98 S.Ct. 2674. "To overcome this presumption and support a conclusory statement that no informant existed, the Defendants must do more than construct a self-serving statement which refutes the warrant affidavit." *Id.*

In the case at bar, Defendants support their contention that the statements made by the Agent Ramos in the affidavit are false with their own sworn statements as to what took place. The Magistrate Judge found these statements to be self serving and insufficient. This Court agrees that Defendants' statements by themselves are not sufficient to overcome the presumption of validity that accompanies warrants. However, Defendants offered an additional sworn statement by Rosario Viruet.

As mentioned previously, Rosario Viruet's statement only relates to events that occurred on May 7, 2007. However, Agent Ramos's statement refers to other events that took place. Specifically, the affidavit mentions that on April 23 2007 the State Police Department received an anonymous phone call where the caller stated that an individual, that was later identified as Rosario Miranda, resided in the house and used two vehicles [2] in furtherance of a drug trafficking operation.[3]

Agent Ramos also mentions in the affidavit that on May 8, 2007, he observed Lopez Rivera take part in a narcotics transaction. On that date, Lopez Rivera left the residence that was searched and drove one of the cars searched to an area where an individual came out and removed a bag from the car. Agent Ramos, who was following Lopez Rivera, observed that the man opened the bag and took out a transparent plastic bag, which contained several cylinders with white powder. According to Agent Ramos, the white powder appeared to be crack cocaine. (Docket No. 61, Exh. 1).

■ In *Franks*, the Supreme Court held that if the material that is the subject of the alleged falsity or reckless disregard is set to one side, and there still remains sufficient content in the warrant affidavit to support a finding of probable cause, no *Franks* hearing is required. *Franks*, 438 U.S. at 171–172, 98 S.Ct. 2674. An affida-

---

**2.** The house and the two vehicles were the subject of the search warrant.

**3.** The information provided by the informant, for the most part, was corroborated by Agent Ramos's observations.

vit demonstrates probable cause to search a locale "where information in the affidavit reveals a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Barnes*, 492 F.3d 33, 36 (1st Cir.2007)(internal citations omitted). Thus, to determine the sufficiency of the affidavit, excluding the contested May 7, 2007 events,[4] we look to whether the totality of the circumstances stated in the affidavit demonstrates probable cause to search either the residence or cars. See *Barnes*, 492 F.3d at 37.

Our Circuit has repeatedly found that when a defendant sells drugs outside his home, it is reasonable to conclude that there is evidence of his drug dealing activity in the home, particularly when the defendant is observed leaving the home immediately prior to selling drugs. See *United States v. Dessesaure*, 429 F.3d 359, 368–69 (1st Cir.2005) (noting that when the defendant sold drugs to a person from his car, the defendant "had just come from his apartment, making it likely that the drugs he sold ... came from the apartment"); *United States v. Feliz*, 182 F.3d 82, 86–88 (1st Cir.1999)(holding that where police only observed a defendant selling drugs out of his car, there is still probable cause to search his home, because his home was "a likely place to seek to find incriminating items"). In the present case, the affidavit clearly states that on May 8, 2007, immediately prior to Lopez Rivera's alleged drug transaction on that date, Agent Ramos observed Lopez Rivera leave the searched residence using one of the cars that was eventually searched.

Furthermore, as mentioned previously, the warrants affidavit was based on a tip received by an unnamed informant. It is well settled law that an affidavit may be properly based on tips received from an unnamed informant. *Franks*, 438 U.S. at 167, 98 S.Ct. 2674.[5] The anonymous tip mentioned that the searched residence and cars were being used as instruments in a drug trafficking operation. Agent Ramos's affidavit contains several statements both relating to Agent Ramos's observations of the events that took place on May 7, 2008 and May 8, 2007, which corroborate major parts of the information provided by the anonymous caller.[6] *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)(The Supreme Court held that the issuance of a warrant to search a residence and a car believed to be used in a drug trafficking operation was not improper because there was sufficient probable cause to believe that defendants possessed drugs. The Court concluded that there was probable cause to issue the warrant even though the warrant was based on information provided by an anonymous informant because major portions of the anonymous tip was corroborated by police officers.). Similarly to that which was mentioned by the anonymous caller, Agent Ramos also witnessed both Defendants leave the residence and

---

**4.** The May 7, 2007 events are excluded only for the purpose of analyzing whether under the totality of circumstances, the affidavit is sufficient to support the State Court finding of probable cause.

**5.** *Franks* only allows the impeachment of the affiant. *Franks*, 438 U.S. at 171, 98 S.Ct. 2674. Thus, a defendant cannot request a *Franks* hearing by offering proof of the "deliberate falsity or reckless disregard" of any nongovernmental informant. *Id.*

**6.** The Supreme Court has "long held that corroboration is an essential element in determining whether police may act on the basis of an informant's tip." *Idaho v. Wright*, 497 U.S. 805, 833, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); see *also Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

use the cars that were searched to transport and sell drugs.

Both the events observed by Agents Ramos on May 8, 2007 and the information provided by the anonymous caller on April 23, 2007, which was corroborated by Agent Ramos's observations, established probable cause to believe that Defendants possessed drugs.[7] As such, this Court finds that even when the May 7,2007 events are excluded, under the totality of circumstances, there is sufficient evidence to uphold the finding of probable cause to search the aforementioned residence and cars. Accordingly, we hold that, in this instance, Defendants failed to make a substantial preliminary showing that Agent Ramos, knowingly and intentionally or with reckless disregard, falsified the affidavit.[8] Therefore, Defendants are not entitled to a *Franks* hearing.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Magistrate–Judge's Report and Recommendation, (Docket No. 78), in its entirety and **DENIES** Defendants' Motion to Suppress. (Docket No. 61).

IT IS SO ORDERED.

---

**7.** *See United States v. Perry,* 190 Fed.Appx. 571, 573 (9th Cir.2006).

**8.** Defendants must make a substantial preliminary showing. *Franks,* 438 U.S. at 155–156, 98 S.Ct. 2674.