Maria MONTALVO–PADILLA,
et al., Plaintiffs

v.

UNIVERSITY OF PUERTO RICO,
et al, Defendants.

Civil No. 04–2239(SEC).

United States District Court,
D. Puerto Rico.

July 30, 2007.

Enrique M. Almeida–Bernal, Almeida Law Office, Zelma B. Davila–Carrasquillo, Almeida & Davila, P.S.C., San Juan, PR, for Plaintiffs.

Roberto A. Fernandez–Quiles, Gonzalez Castaner & Morales Cordero Law Office, San Juan, PR, for Defendants.

**OPINION AND ORDER**

CASELLAS, Senior District Judge.

Pending before the Court is Defendants' motion for reconsideration (Docket # 122),

which Plaintiffs have opposed (Docket # 127). For the reasons set forth below, Defendants' motion will be **GRANTED in part, DENIED in part.**

### Background

A full account of the facts, as alleged in the complaint, is set forth in our previous Opinion and Order (Docket # 120).[1] For the purpose of the instant Opinion and Order, suffice it to say that currently pending before the Court are the following claims: (1) under the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 621, *et seq.*, for prospective equitable relief; (2) under the Age Discrimination Act (hereinafter "ADA"), 42 U.S.C. § 6101, *et seq.;* and (3) some pendent claims. Defendants now move the Court to dismiss the two pending federal claims—*i.e.*, those under the ADA and the ADEA—and, thereafter, dismiss without prejudice the pendent claims.

As explained below, because we are still unpersuaded by Defendants' exhaustion of remedies argument with regards to the ADEA claim, that federal claim will remain pending (but not for monetary relief, *see* Docket # 120), and, accordingly, so will the defamation and intentional infliction of emotional distress claims. Plaintiffs' ADA claim, however, must be dismissed.

### Applicable Law and Analysis

*Exhaustion of Remedies—ADEA claim*

■ In the previous Opinion and Order (Docket # 120) the Court addressed Defendants' arguments regarding Co–Plaintiff Montalvo–Padilla's alleged failure to exhaust administrative remedies. Defendants have, nonetheless, reasserted their previous contention that Montalvo–Padilla's retaliation claim is barred because she did not file a new administrative charge

complaining of the retaliation. As explained before, Montalvo–Padilla alleged that she was demoted and constructively discharged in retaliation for having filed a charge with the E.E.O.C. *See,* Docket # 120, p. 9. This is the typical case in which a retaliation claim is preserved in spite of there being no separate administrative charge for that claim. *See, Clockedile v. New Hampshire Dep't of Corr.,* 245 F.3d 1, 3 (1st Cir.2001) ("On balance, we think the cleanest rule is this: retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency—*e.g.*, the retaliation is for filing the agency complaint itself.").

■ Defendants attempt to distance themselves from the holding in *Clockedile* by pointing to a later decision of the U.S. Supreme Court: *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Therein, the U.S. Supreme Court stated that a complainant in a Title VII suit may not prosper in a claim based on "discrete discriminatory acts" which are time-barred, even if they are related to acts as to which the complainant did timely file an administrative charge. *Id.* at 13. Defendants contend that this holding requires that Montalvo–Padilla's retaliation claim be dismissed. However, *Morgan* dealt with discrete discriminatory acts that occurred **prior** to that plaintiff's filing of charges with the E.E.O.C. This distinction is key. As the First Circuit stated:

> "Yet *Morgan* does not address whether a previously filed EEOC complaint must be amended to encompass subsequent discrete acts in order to render such acts susceptible to judicial review. We have held that a judicial complaint can encompass discrete acts of retaliation

---

**1.** Because that was an opinion and order on motions to dismiss, the factual background

was taken from the averments in the complaint.

reasonably related and grow[ing] out of the discrimination complained of to the agency ..." *Clockedile v. N.H. Dep't of Corr.*, 245 F.3d 1, 6 (1st Cir.2001)

*Rivera v. P.R. Aqueduct and Sewers Authority*, 331 F.3d 183, 189 (1st Cir.2003).

Per our reading of *Clockedile, Morgan*, and the passage of *Rivera* quoted above, the rule announced in *Clockedile* for the preservation of retaliation claims remains unaffected by *Morgan*.[2] Accordingly, and consonant with our discussion in the previous Opinion and Order (Docket # 120), *Clockedile* applies to Co-plaintiff Montalvo–Padilla's retaliation claim. As such, that claim remains pending.

### Age Discrimination Act claim

Defendants contend that Plaintiffs' ADA claim must be dismissed because the statute is not applicable to employment discrimination cases, such as the one at bar, and because Plaintiffs failed to exhaust administrative remedies. Plaintiffs posit that the Court should not consider Defendants' arguments on this point because they did not assert them initially, in their motions to dismiss. Furthermore, Plaintiffs assert that Defendants are precluded from using their exhaustion of remedies argument because it is an affirmative defense and Defendants did not raise it in their answer to the complaint.

■ Before discussing the merits of the ADA claim, we pause to address Plaintiffs' contention that the Court should not consider Defendants' arguments because they failed to assert them in their previous motions. The Court is cognizant that motions for reconsideration have been deemed "extraordinary" and the First Circuit has

counseled that they "should be used sparingly". *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir.2006) (citing 11 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2nd Ed.1995)). Such description of a motion for reconsideration, however, is best understood in the context of a motion that requests reconsideration of a final judgment. It is at that point that the balance between the need for giving finality to judgments and the need to render a just decision comes into play. *See, Venegas–Hernández v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir.2004) (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.1993)). In this case, no final judgment has been rendered, and the Court can perceive no benefit in allowing a stillborn claim—see discussion below—to proceed all the way to trial (with the attendant expense in time and resources to the court and the parties). After all, if, in circumstances such as these, the Court inflexibly adhered to the notion that no new arguments can ever be successfully raised, then it would unnecessarily delay until the Rule 50 stage the dismissal of claims that, as a matter of law, cannot prosper.

■ Because we agree with Defendants that the ADA is not applicable to this case, we need not turn to the exhaustion of remedies argument. The ADA provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. That statute also provides, however, that—

---

**2.** *See also, Muñoz–Rivera v. Walgreens Co.*, 428 F.Supp.2d 11, 22 & 29, n. 8 (D.Puerto Rico 2006) (holding that retaliation for having filed administrative charge was not subject to dismissal for failure to exhaust administrative remedies; although the District Court therein did not discuss the relationship between *Morgan* and *Clockedile*, it did dismiss other claims pursuant to *Morgan* ).

(1) Nothing in this chapter shall be construed to authorize action under this chapter by any Federal department or agency with respect to any employment practice of any employer, employment agency, or labor organization, or with respect to any labor-management joint apprenticeship program.

(2) Nothing in this chapter shall be construed to amend or modify the Age Discrimination in Employment Act of 1967 (29 U.S.C. 621–0634), as amended, or to affect the rights or responsibilities of any person or party pursuant to such Act.

42 U.S.C. § 6103(c).

Section § 6103(c) is key in determining whether or not discriminatory **employment** practices are covered by the ADA. Although that section is not entirely clear—inasmuch as subsection (1) refers to Federal departments or agencies—a reading of the entire act, and particularly of both subsections (1) and (2) of § 6103(c) suggests, rather forcefully, that Congress did not intend to create a cause of action for discriminatory employment practices under the ADA. Indeed, after engaging in such comprehensive reading of the act and examining its history and purpose, the Middle District of Pennsylvania—the first court to have been faced with the question—concluded that the ADA did not pro-

scribe "discrimination in the employment practices of such programs [programs that receive federal financial assistance]". *Tyrrell v. City of Scranton,* 134 F.Supp.2d 373, 382 (M.D.Pa.2001). Several district courts have followed *Tyrrell's* lead and excluded employment discrimination claims from the scope of the ADA. *See, Brown v. Washington Metro Area Transit Authority,* 2005 WL 1941630, *5 n. 2 (D.Md.2005); *Fairfax v. School District of Philadelphia,* 2004 WL 887416, *5 (E.D.Pa.2004). We have found no decisions from the Circuit courts addressing this point, and the parties have pointed us to none.

We recognize that it takes some interpretation to reach the conclusion that § 6103(c) bars claims for employment discrimination under the ADA, particularly since subsection (2) is framed in such general terms and subsection (1) refers to federal departments or agencies. We are persuaded, however, by the reasoning in *Tyrrell.* At the time Congress drafted § 6103(c)(1), the ADA only authorized federal departments or agencies to monitor and enforce compliance with the statute. *See, Tyrrell,* 134 F.Supp.2d at 381–382.[3] Thus, it comes as no surprise that § 6103(c)(1) referred only to federal agencies or departments. As the court in *Tyrrell* remarked, "at the time the ADA was enacted, the plain language of § 6103(c)(1)

**3.** The Act was later amended to allow an interested person, after giving notice to Secretary of Health and Human Services, the Attorney General, and the person against whom the action is directed, to bring an action for injunctive relief. *See,* § 6104(e). The later inclusion of a private cause of action for injunctive relief is what requires the incursion into the Act's language as a whole, history and purpose to conclude that § 6103(c) precludes employment discrimination claims.

A further comment is warranted. Although we need not reach either point, we note: (1) that by its terms, § 6104(e)(2) appears to make exhaustion of remedies a jurisdictional

matter, *see, Williams v. Trevecca Nazarene Coll.,* 162 F.3d 1162, 1998 WL 553029 *2 (6th Cir.1998) (unpublished), and (2) the private cause of action created by the ADA is limited to injunctive relief and the recovery of attorney's fees, *see,* § 6104(e), *Tyrrell,* 134 F.Supp.2d at 383–384; *but see, Barea v. State Univ. of N.Y.,* 2006 WL 1911602 *4 n. 7 (N.D.N.Y.2006). Accordingly, if Plaintiffs indeed failed to exhaust remedies under the ADA, because such requirement is jurisdictional, their claim would be barred. Furthermore, even if Plaintiffs had a viable ADA claim, they could not recover monetary damages thereunder.

operated to entirely exclude employment discrimination from the scope of the ADA". *Id* at 382.[4]

Since Co-plaintiff Montalvo–Padilla is seeking relief for Defendants' alleged discriminatory employment practices, her claim, as discussed above, is not cognizable under the ADA.[5] Accordingly, the ADA claim will be **DISMISSED WITH PREJUDICE.**

### Conclusion

As discussed above, the claim under the Age Discrimination Act of 1975 will be **DISMISSED WITH PREJUDICE.** The case will go forward with the following claims: ADEA(for prospective equitable relief), defamation, and intentional infliction of emotional distress.

**SO ORDERED.**

---

4. *See also*, 18 C.F.R. § 1309.4(b): "The Act [Age Discrimination Act] and this part do not apply to: [ . . .](2) Any employment practice of any employer, employment agency, labor organization, or any labor management joint apprenticeship program."

5. We note that our conclusion that Co-plaintiff Montalvo–Padilla may not, as a matter of law, maintain her ADA claim renders moot the multiple discovery issues regarding the U.P.R. Cayey's receipt of federal funds.