Minerva RIVERA–SANTIAGO, Plaintiff

v.

ABBOTT PHARMACEUTICAL PR LTD, Defendant.

Civil No. 07–1372 (JAG).

United States District Court, D. Puerto Rico.

March 2, 2009.

Anibal Escanellas–Rivera, Maria T. Juan–Urrutia, Escanellas & Juan, San Juan, PR, for Plaintiff.

Rafael J. Vazquez–Gonzalez, Vazquez & Vazquez Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Abbott Pharmaceutical PR, Ltd.'s ("Abbott") second motion for summary judgment. (Docket Nos. 59 and 62). For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Abbott's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Minerva Rivera Santiago ("Plaintiff") began to work for Abbott in 1975. (Docket No. 21, ¶ 1; Docket No. 31, App. ¶ 1). In or about September, 1980, Plaintiff was appointed to the position of Purchasing Agent at Abbott. (Docket No. 21, ¶ 2; Docket No. 31, App. ¶ 1).

On March 24, 2006, Plaintiff filed a discrimination charge number UADA60198C before the Antidiscrimination Unit of the Puerto Rico Department of Labor and Human Resources ("ADU") against Abbott. Said charge was filed concurrently with the EEOC and was assigned number 16H20060278C. (Docket No. 21, ¶ 3; Docket No. 31, App. ¶ 1). In said discrimination charge, Plaintiff claimed that she was the object of discrimination because of age and sex based upon the following factual allegations:

I started working for this company in 1975. In 1981, I became a Purchasing Agent. Since 1999, I have asked to be trained in order to occupy a managerial position. In 2004, when my supervisor retired, I requested that position, they turned me down. A man was brought in to occupy the position. Two months later this person retired, and another man was brought in to occupy the position. This year, in February, he retired and the position was frozen. Two young women were brought from the university so that I would train them. Their ages are between 21 to 23 years of age. I advised Human Resources that I have the academic preparation and that I am being displaced for these two young ladies. The way that I have been treated at work and the different ways that I am being treated have caused me to be hospitalized. I am currently 55 years old.

Plaintiff requested the following remedies: "Reinstatement in position, salaries not received, cease and desist in discrimination against me, compensation for damages, my suffering and mental anguish and that of my family. Any benefits that were denied and any other benefit that I may be entitled to, etc." (Docket No. 28, Exh. 1, at 3, 5; Docket No. 31, App. ¶ 2). On June 21, 2006, Plaintiff amended her discrimination charge to include José L. Carrasquillo as an additional charged party, and to complain of a purported retaliatory practice. In charge 165H200602344, Rivera alleged the following:

On March 24, 2006, I filed a charge of sexual and age discrimination against Abbott Pharmaceuticals PR Ltd (UADA60198C–EEOC16H20060278C). I hereby wish to amend my complaint to include José L. Carrasquillo, the Traffic and Purchasing Manager, as the co-defendant in this complaint. Furthermore, after filing this complaint, I have been a victim of retaliation by Mr. José L. Carrasquillo, who is creating a negative file on me, making reference even when I'm absent and giving details that violate my rights under the HIPPA act. (Docket No. 28, Exh. 2, at 2; Docket No. 31, App. ¶ 3).

On February 13, 2007, the EEOC issued Plaintiff a Notice of Right to Sue with respect to charge 16H20060278C. (Docket No. 21, ¶ 6; Docket No. 31, App. ¶ 4).

On May 1, 2007, Plaintiff filed the present complaint against Abbott alleging employment discrimination and retaliation based on gender and age under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e–15, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. Furthermore, Plaintiff filed supplemental state law claims under Law No. 100 of June 30, 1959, P.R. Laws Ann., tit. 29, §§ 146–151 ("Law 100") and Law No. 69 of July 6, 1985, P.R. Laws Ann., tit. 29, §§ 1321–1341 ("Law 69"). (Docket No. 1).

On February 4, 2008, Abbott moved for summary judgment on Plaintiff's claims on the ground that most, if not all, of the factual allegations and claims contained in the complaint were never subjected to an administrative process before the Equal Employment Opportunity Commission ("EEOC") or the ADU. Additionally, Abbott averred that Plaintiff's claims were untimely brought before the EEOC or the ADU. In its Motion for Summary Judgment, Abbott also included a request for the dismissal of Plaintiff's retaliation claims pursuant to Fed.R.Civ.P. 12(b)(6). Finally, Abbott requested the dismissal of Plaintiff's supplemental law claims. (Docket Nos. 20, 21 and 23). On March 17, 2008, Plaintiff opposed the request for summary judgment. (Docket No. 31). On April 3, 2008, Abbott replied, and Plaintiff sur-replied on April 24, 2008. (Docket Nos. 37, 43). Thereafter, Abbott's Motion for Summary Judgment was referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 32). On August 19, 2008, the Magistrate Judge issued his Report and Recommendation and recommended that this Court grant in part and deny in part Abbott's Motion for Summary Judgment. (Docket No. 57). On September 3, 2008, Abbott objected to the Magistrate Judge's Report and Recommendation, (Docket No. 68), and Plaintiff responded thereto. (Docket No. 71).

On September 29, 2008, this Court issued an opinion and order ruling as follows: (1) that the claims proffered by Plaintiff in her complaint were reasonably related to her initial and amended discrimination charges; (2) denying without prejudice Abbott's request for the dismissal of Plaintiff's retaliation claims; (3) dismissing without prejudice Plaintiff's claims under Title VII or ADEA, which were based on alleged instances of discriminatory failure to promote that took place on or before May 28, 2005; (4) dismissing without prejudice Plaintiff's wage discrimination claims based on pay setting decisions that were made prior to May 28, 2005; and (5) denying Abbot's request to dismiss Plaintiff's supplemental law claims. (Docket No. 72).

Abbott also filed a second motion for summary judgment. In said motion, Abbott alleges that: (1) there is no adverse employment action nor evidence of discriminatory animus sufficient to sustain Plaintiff's Title VII or ADEA claim; (2) Plaintiff failed to exhaust administrative remedies as to her Title VII retaliation claim; and (3) this Court should deny supplemental jurisdiction over Plaintiff's state law claims. (Docket Nos. 59 and 62). On October 1, 2008, Plaintiff opposed Abbott's motion for summary judgment. (Docket No. 73). On that date, Abbott's second motion for summary judgment was referred to a Magistrate Judge. (Docket No. 75). Thereafter, Abbott replied to Plaintiff's opposition. (Docket No. 86). On November 12, 2008, Plaintiff filed her sur-reply. (Docket No. 102).

On January 23, 2009, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge concluded that Plaintiff had proffered sufficient evidence to establish that there were genuine factual controversies, which precluded Abbott's second motion for summary judgment. Specifically, among the genuine

factual controversies, the Magistrate Judge found that: (1) there was a genuine issue of material fact regarding the existence of direct evidence of discrimination on the basis of both age and gender; (2) there was a genuine factual controversy as to whether Plaintiff requested to be promoted; (3) there was a genuine issue as to whether the alleged disparity in Plaintiff's salary and bonus constituted an adverse employment action;[1] and (4) that there were genuine issues of material fact as to whether several "performance appraisals" given to Plaintiff by her supervisors constituted retaliation. (Docket No. 115).

On February 3, 2009, Abbott objected to the Report and Recommendation. First, Abbott avers that Plaintiff failed to establish with specificity and relevancy several material facts, which the Magistrate relied on when determining and recommending that summary judgment was not appropriate. Second, Abbott once again contends that the claims proffered by Plaintiff in her complaint are not reasonably related to the ones brought before the EEOC. Third, Abbott argues that Plaintiff failed to exhaust administrative remedies on her retaliation claim. Fourth, Abbott alleges that Plaintiff's failure to promote claim which is predicated on events that occurred after Plaintiff filed the aforementioned administrative charges should be dismissed because it is a discrete act of discrimination which should go through its own administrative process.[2] Finally, Abbott avers that this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. (Docket No. 116). On February 18, 2009, Plaintiff replied to Abbott's objections. (Docket No. 121).

## STANDARD OF REVIEW

### 1. *Summary Judgment Standard*

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." *Thompson v. Coca–Cola Co.,* 522 F.3d 168, 175 (1st Cir.2008) (citing Fed. R.Civ.P. 56(c)). The issue is "genuine" if it can be resolved in favor of either party. *Calero–Cerezo v. U.S. Dep't of Justice,* 355 F.3d 6, 19 (1st Cir.2004). A fact is "material" if it has the potential to change the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In prospecting for genuine issues of material fact, we resolve all conflicts and draw all reasonable inferences in the nonmovant's favor." *Vineberg v. Bissonnette,* 548 F.3d 50, 56 (1st Cir. 2008).

Although this perspective is favorable to the nonmovant, once a properly supported motion has been presented before this Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant this Court's denial of the motion for summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The opposing party must demonstrate "through submissions of evidentiary quali-

---

**1.** Plaintiff claims that the increase in her bonuses and salary was comparatively smaller to that given to Principal Purchasing Agents, whose job functions and responsibilities were similar to those of a Purchasing Agent, which is the position occupied by her. (Docket No. 73, Exh. 1, ¶ 2).

**2.** One of Plaintiff's failure to promote claims is related to events that occurred in 2007 and the aforementioned administrative charges were all filed in the year 2006.

ty, that a trial-worthy issue persists." *Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir.2006) (internal citations omitted). Moreover, on issues "where [the opposing] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor." *United States v. Union Bank for Sav. & Inv.(Jordan)*, 487 F.3d 8, 17 (1st Cir.2007) (citing *United States v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992)). Hence, summary judgment may be appropriate, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." *Forestier Fradera v. Municipality of Mayaguez*, 440 F.3d 17, 21 (1st Cir.2006) (citing *Benoit v. Technical Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir.2003)). It is important to note that throughout this process, this Court cannot make credibility determinations, weigh the evidence, and make legitimate inferences from the facts as they are jury functions, not those of a judge. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

2. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

■ Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a district court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan*, 286 F.Supp.2d 231, 233 (D.P.R.2003)

(citing 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.*, 283 F.Supp.2d 550, 555 (D.P.R.2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, the district court can assume that they have agreed to the Magistrate Judge's recommendation. *Alamo Rodriguez*, 286 F.Supp.2d at 146 (citing *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985)).

## DISCUSSION

1. *Material Facts*

In its objections to the Magistrate Judge's Report and Recommendation, Abbott argues that the Magistrate Judge incorrectly relied on Plaintiff's self-serving sworn statement when he determined that there were several factual controversies that precluded summary judgment. According to Abbott, the statements relied on by the Magistrate Judge did not comply with the standard set forth in *Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46 (1st Cir.2000).[3]

First, Abbott argues that the Magistrate Judge incorrectly relied on Plaintiff's sworn statements that her supervisors constantly and on a daily basis made comments regarding her age and gender and about the negative effect of her age and gender on her promotion. Second, Abbott avers that the Magistrate Judge incorrectly concluded on the basis of Plaintiff's

---

**3.** As will be further explained below, sworn statements submitted to support an opposition to a motion for summary judgment must

be relevant, based on personal knowledge, and specific. *Id.* at 53.

sworn statement that there was a genuine factual controversy as to whether Plaintiff ever requested to be promoted. Third, Abbott contends that the Magistrate Judge erred in considering Plaintiff's sworn statement that she was the object of reduced salary increases and bonuses. Fourth, Abbott alleges that Plaintiff failed to produce specific and relevant evidence that her performance evaluations were retaliatory events.

In *Santiago–Ramos*, the First Circuit held that a party can rely on a self-serving affidavits containing relevant information to oppose a motion for summary judgment. *Id.* at 53 (internal citations and quotation marks omitted). However, the affidavits must contain specific factual information based on the party's personal knowledge. *Id.* Hence, "affidavits submitted in opposition to a motion for summary judgment" that "merely reiterate allegations made in the complaint, without providing specific factual information made on the basis of personal knowledge" are insufficient. *Id.* (internal citations omitted). This Court must examine whether the statements contained in Plaintiff's sworn affidavit, which the Magistrate Judge relied on to deny summary judgment are relevant and contain sufficient specific factual information and, therefore, comply with *Santiago–Ramos.* However, before examining Plaintiff's statements, this Court must lay out the framework for age and gender discrimination claims under the ADEA and Title VII.

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Title VII prohibits "all practices in whatever form which create inequality in employment opportunity due to discrimination on the ba-

sis of race, religion, sex, or national origin." *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 59 (1st Cir.1999) (internal citations and quotation marks omitted). The framework for proving intentional discrimination, including discrimination on the basis of gender or age, varies depending on the availability of direct evidence. Direct evidence "normally contemplates only those statements by a decision maker that directly reflect the alleged animus and bear squarely on the contested employment decision." *Vesprini v. Shaw Contract Flooring Services, Inc.*, 315 F.3d 37, 41 (1st Cir.2002) (citing *Melendez–Arroyo v. Cutler–Hammer de P.R. Co.*, 273 F.3d 30, 35 (1st Cir.2001)). "When the plaintiff has direct evidence of discriminatory animus, the case may be put to the jury without further ado." *Cardona Jimenez v. Bancomercio de P.R.*, 174 F.3d 36, 40 (1st Cir.1999).

Absent direct evidence or a "smoking gun," the plaintiff must meet the burden shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Sabinson v. Trs. of Dartmouth College*, 542 F.3d 1, 4 (1st Cir.2008). The initial step in the burden-shifting framework requires the employee to establish a *prima facie* case of age or gender discrimination. *See Torrech–Hernandez v. GE*, 519 F.3d 41, 48 (1st Cir.2008). The elements of a *prima facie* case may vary depending on the discrimination claim. *Reyes Vega v. Pepsi Cola P.R. Distrib. LLC*, 371 F.Supp.2d 21, 28 (D.P.R.2005). Generally, in order to establish a *prima facie* case of discrimination, Plaintiff must demonstrate that: 1) she is a member of a protected class, 2) she is qualified for the job, 3) the employer took an adverse employment action against her, and 4) the position remained open, or was filled by a person with similar qualifications. *Mariani–Colon v. Dep't of Homeland Sec.*, 511 F.3d 216, 221 (1st Cir.2007).

In a failure-to-promote claim, to establish a *prima facie* case of age and gender discrimination, Plaintiff must demonstrate that "(i) [she] is a member of a protected class who (ii) was qualified for an open position for which she applied, but (iii) was rejected (iv) in favor of someone possessing similar qualifications." *Rathbun v. Autozone, Inc.,* 361 F.3d 62, 71 (1st Cir. 2004) (internal citations omitted). Establishing a *prima facie* case generates a rebuttable presumption of discrimination. *Gonzalez v. El Dia, Inc.,* 304 F.3d 63, 69 (1st Cir.2002). While the burden of persuasion remains at all times with the plaintiff, the *prima facie* case shifts the burden of production to the employer, who must then articulate a legitimate and non-discriminatory reason for the adverse employment action. *Id.* If the employer meets this limited burden, the presumption vanishes and the plaintiff must adduce sufficient evidence to demonstrate that age was a motivating factor in the challenged employment action. *Zapata Matos v. Reckitt & Coleman, Inc.,* 277 F.3d 40, 45 (1st Cir.2002). To do so, the plaintiff must show that the proffered reason is pretextual such that discriminatory animus can be inferred. *Gonzalez,* 304 F.3d at 69; *Mesnick,* 950 F.2d at 824.

■ Abbott avers that the sworn statements provided by Plaintiff in support of her claim that her supervisors, William Colón Ortiz ("Colón")[4] and José Carrasquillo ("Carrasquillo"),[5] constantly and on a daily basis made comments regarding her age and gender and about the negative effect of her age and gender on her promotion in general are insufficient to avoid summary judgment because they falls short of providing the required detail.

The Magistrate Judge relied on Plaintiff's sworn statements, which were denied by statements from Colón and Carrasquillo, to determine that there was a genuine issue of material fact regarding the existence of direct evidence of discrimination on the basis of gender and age.

■ As mentioned above, a plaintiff must prove discrimination under Title VII or the ADEA by proffering direct or circumstantial evidence of discriminatory animus on the part of the employer. *Feliciano de la Cruz v. El Conquistador Resort & Country Club,* 218 F.3d 1, 6 (1st Cir. 2000) (Title VII); *Shorette v. Rite Aid,* 155 F.3d 8, 12–13 (1st Cir.1998) (ADEA). In this ADEA and Title VII summary judgment context, Plaintiff, as the nonmovant, must show evidence sufficient for a fact finder to reasonably conclude that Abbott's decisions were driven by a discriminatory animus. *Mulero–Rodriguez v. Ponte, Inc.,* 98 F.3d 670, 673 (1st Cir.1996). Basically, all Plaintiff has to do is raise a genuine issue of fact as to whether discrimination motivated her alleged adverse employment action. *Dominguez–Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 433 (1st Cir.2000). Evidence of age and gender related comments could support an inference of discriminatory animus. *See, e.g., id.* (age related comments); *Smith v. Stratus Computer,* 40 F.3d 11, 18 (1st Cir.1994) (gender related comments). However, "a district court's grant of summary judgment to an employer will be upheld if the record is devoid of adequate direct or circumstantial evidence of the employer's discriminatory intent." *Dominguez–Cruz,* 202 F.3d at 433 (internal citations omitted).

---

4. Colón has been Supply Chain Management Director of Abbott since July 4, 2005, and is listed as Plaintiff's "Next Level Manager" on her performance evaluation. (Docket No. 61, Exhs. 5 and 6).

5. Carrasquillo was Plaintiff's supervisor from 2005 until his retirement in February of 2007 from the position of Purchasing/Traffic Operations Manager. (Docket No. 61, Abbott's Statement of uncontested Facts [ASUF], ¶ 10).

Here, Plaintiff's sworn statement indicates the dates when the supervisor's comments were made. Furthermore, Plaintiff indicates which type of comments were made to her. Among the comments that Plaintiff mentioned in her affidavit that were made by her supervisors were that she was: (1) "que era vieja y tenía que retirarse" ("that she was old and had to retire"); (2) "que era vieja y lenta y no servía" ("that she was old, slow and useless"); and (3) "que las mujeres no servían para posiciones gerenciales, peor las viejas" ("that women were not good for managerial positions, especially the old ones"). (Docket No. 73, Exh. 1, ¶¶ 10, 12–14, 21, 27, 29) (translation ours).

This Court finds that the sworn statements made by Plaintiff which contained the comments made by her supervisors are specific, based on personal, knowledge, and relevant to establish discriminatory animus. Furthermore, none of these facts were mentioned by Plaintiff in her complaint. Accordingly, this Court concludes that these sworn statements comply with *Santiago–Ramos*.

■ Likewise, this Court finds that Plaintiff's sworn statement details Plaintiff's promotion request. Plaintiff elaborated on the claims mentioned in her complaint regarding her promotion request. In her sworn statement, Plaintiff specifically stated that she requested several times to be promoted to a managerial position. Additionally, Plaintiff indicates the date when she commenced requesting to be promoted. Plaintiff also mentions that she was never interviewed nor promoted. Further, Plaintiff says that she was turned down by her superiors, who told her that she was not going to be appointed to a managerial position because of her age and gender. Moreover, Plaintiff tells with particularity how younger persons were appointed to those positions. (Docket No. 73, Exh. 1, ¶¶ 2, 7).

This Court finds that Plaintiff's sworn statements of how she requested to be promoted are based on personal knowledge and sufficiently specific. The facts included in the sworn affidavit do not reiterate that which Plaintiff mentioned in her complaint. Furthermore, they are relevant to prove a *prima facie* failure to promote claim. Therefore, this Court finds that the Magistrate Judge did not err in relying on these statements as they provide sufficient detail to comply with *Santiago–Ramos*.

■ Next, this Court will consider whether the Magistrate Judge erred in considering Plaintiff's sworn statement when deciding that there was a genuine factual controversy as to whether she was the object of reduced salary increases and bonuses. In the present case, Plaintiff described in her sworn affidavit how her salary increases were less than other employees with similar job responsibilities. Plaintiff statements contained dates and a detailed explanation of how she was treated differently when it came to salary increases. Further, Plaintiff indicated that she complained to Abbott about this and that she was told by Carrasquillo that her salary was not increased because of her age. (Docket No. 73, Exh. 1, ¶ 2). These statements contain factual detail which is not mentioned in the complaint. Moreover, these statements are relevant to prove Plaintiff's discrimination claim as withholding of salaries and bonuses could be considered an adverse employment action. *See Sepulveda v. Glickman*, 167 F.Supp.2d 186, 193 (D.P.R.2001). Because these statements are based on personal knowledge and are specific and relevant, this Court also concludes that they are in accordance with the standard set forth in *Santiago–Ramos*. Accordingly, this Court finds that the Magistrate Judge did not err in using Plaintiff's sworn statement as

the basis for finding that there was a genuine factual controversy as to whether Plaintiff's alleged withholding of salaries and bonuses could be considered an adverse employment action.

■ According to Abbott, Plaintiff also submitted unspecific sworn statements in support of her retaliation claim. Abbott avers that the Magistrate Judge was incorrect in relying on Plaintiff's statements that Carrasquillo retaliated against her by giving her negative evaluations. Abbott claims that Plaintiff's generalized statements did not create a genuine factual controversy as they did not adequately support Plaintiff's argument that the performance appraisals constituted an adverse employment action by Abbott.

This Court must first lay out the framework for retaliation claims in order to better understand why a negative job evaluation could constitute retaliation. The above described *McDonnell Douglas* burden shifting framework also applies to retaliation claims. The only difference is the specifications of the *prima facie* proof standard which varies depending on the discrimination claim. *Reyes Vega,* 371 F.Supp.2d at 28. "With respect to retaliation claims, the *prima facie* model requires plaintiffs to show that: 1) they engaged in a protected conduct; 2) they suffered an adverse employment action; and 3) there is a causal connection between the protected conduct and the adverse employment action." *Id.* Unwarranted negative job evaluations could constitute adverse employment actions for purposes of a retaliation claim. *Marrero v. Goya of P.R., Inc.,* 304 F.3d 7, 23 (1st Cir.2002).

In the case at bar, Plaintiff submitted a sworn statement supporting her claim that she received unwarranted and negative job evaluations by Carrasquillo. In the sworn statement, Plaintiff elaborated on the retaliation claim presented in her complaint. Specifically, Plaintiff stated she discussed her 2005 performance evaluation with Carrasquillo during which she showed Carrasquillo numerous documents demonstrating that she exceeded all of her expected goals. Plaintiff further indicated that despite her supporting documentation, Carrasquillo rated her in the performance evaluation as having achieved some goals and partially achieved other goals. Moreover, Plaintiff stated that Carrasquillo told her that: "he rated [her] performance as he wanted to, and that in his opinion due to [her] age and sex, [her] performance was inferior in comparison with younger purchasing agents ... [and] was going to be rated inferior in comparison to them." (Docket No. 73, Exh. 1, ¶ 21).

These sworn statement are certainly based on personal knowledge and specific. Furthermore, the sworn statements in support of her retaliation claim are relevant, as they go to the adverse employment action element of the retaliation *prima facie* case standard. Thus, this Court finds that the Magistrate Judge was not mistaken in relying on the aforementioned statements.

In conclusion, Plaintiff's sworn statements may be self-serving but they contain more detail than the allegations made in Plaintiff's complaint as they provide specific factual information based on Plaintiff's personal knowledge. Consequently, this Court holds that the above discussed sworn statements comply with the requirements of the federal rules. Accordingly, this Court finds that the Magistrate Judge did not err in considering them in determining that there were genuine factual controversies that precluded summary judgment.

### 2. *EEOC Charges*

■ In its objections, Abbott argues that the claims set forth by Plaintiff in her complaint are not reasonably relat-

ed to the EEOC charges. However, a party may not raise an issue before the district court that it neglected to raise before the Magistrate Judge. *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990–991 (1st Cir.1988) (holding categorically that a "party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate"). This argument was not presented to the Magistrate Judge in the present motion for summary judgment. The argument was part of Abbott's first motion for summary judgment and was addressed by this Court in the opinion and order issued on September 29, 2008. As mentioned above, in that opinion and order, this Court held that the claims proffered by Plaintiff in her complaint were reasonably related to her initial and amended discrimination charges. Since Abbott's contention that the claims set forth by Plaintiff in her complaint are not reasonably related to the EEOC charges was previously disposed of by this Court and because it was not presented to the Magistrate Judge in the present motion for summary judgment, this Court declines to entertain said argument.

### 3. *Exhaustion of Administrative Remedies and Retaliation Claim*

■ Abbott next argues that Plaintiff's retaliation claim should be dismissed because she never received a right to sue letter for said claim. Abbott stresses that Plaintiff only received a right to sue letter for administrative charge 16H20060278C and not for charge 165H200602344, which is where the retaliation claim is mentioned. However, as will be further explained below, Plaintiff was not required to obtain a right to sue letter from the EEOC prior to filing her retaliation claim.

Plaintiff brings a retaliation claim based on the ADEA. "The ADEA [ ] mandate[s] 'compliance with the administrative proce-dures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.' " *Alicea v. Ondeo de P.R.*, 389 F.Supp.2d 269, 274 (D.P.R.2005) (citing *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277 (1st Cir.1999)). Before filing a Title VII claim, an employee must first exhaust administrative remedies, a process that begins with the filing of an administrative charge before the EEOC. *Franceschi*, 514 F.3d at 85. After filing the administrative complaint, the employee may sue in federal court only if the EEOC dismisses the administrative charge or if it does not bring a civil suit or enter into a conciliation agreement within 180 days of the filing of the administrative charge. *Id.* (citing 42 U.S.C. § 2000e–5(f)(1)). However, the employee must wait for what is known as a right-to-sue letter. *Id.* After receiving the right-to-sue letter, the employee has ninety (90) days to file a complaint in federal court. *Id.* (citing 42 U.S.C. § 2000e–5(f)(1)). Here, Plaintiff timely filed her ADEA claim with the EEOC and obtained a right to sue letter from said agency. Further, Plaintiff filed the present complaint within the ninety (90) day period. Hence, Plaintiff exhausted administrative remedies as to her ADEA claim. This Court will now proceed to discuss how this relates to her retaliation claim.

■ A claim of retaliation is one of the narrow exceptions to the normal rule of exhaustion of administrative remedies. *Franceschi*, 514 F.3d at 86. Such a claim may be bootstrapped onto a discrimination claim arising out of the administrative charge and considered by the district court, even though it has not been put through the administrative process. *See id.; Clockedile v. New Hampshire Dep't of Corr.*, 245 F.3d 1, 6 (1st Cir.2001). A retaliation claim can be bootstrapped because it is "reasonably related to and grows out of the discrimination complained of to the [EEOC]." *Franceschi*, 514 F.3d at 86 (internal citation and quotation marks

omitted)(alterations in original). "In other words, the retaliation claim survives what would otherwise be a failure to exhaust administrative remedies by virtue of its close relation to and origins in the other Title VII discrimination claims." *Id.* at 86–87. However, the retaliation claim may be bootstrapped to the discrimination claim only if the petitioner exhausted administrative remedies as to the discrimination claim. *See id.* at 87.

Here, Plaintiff's retaliation claim reasonably relates and grows out her the ADEA discrimination charge.[6] Furthermore, as just mentioned, Plaintiff exhausted administrative remedies as to her ADEA claim. Consequently, this Court holds that Plaintiff's retaliation claim may be bootstrapped to her ADEA claim. *See Montalvo-Padilla v. Univ. of P.R.*, 498 F.Supp.2d 464, 465 (D.P.R.2007) (holding that a retaliation claim could be bootstrapped to an ADEA claim). Thus, contrary to Abbott's assertion, Plaintiff's retaliation claim does not need to pass through the administrative exhaustion process. Next, This Court will address whether Plaintiff's failure to promote claim that is premised on events, which took place after the filing of Plaintiff's administrative charges should be dismissed for failing to exhaust administrative remedies.

4. *Exhaustion of Administrative Remedies and Failure to Promote Claim*

■■■ Plaintiff alleges that she requested to be promoted to Carrasquillo's position after he retired on February of 2007. (*See* Docket No. 1, ¶ 23). That position was assigned to Lillybeth Quintana Roldán ("Quintana") on a temporary basis and then given to another person, who began his new duties on June 4, 2007. (ASUF, ¶¶ 13–14).[7] In its objections, Abbott stresses that the failure to promote claim proffered by Plaintiff occurred after the filing of Plaintiff's administrative charges, which were submitted to the EEOC in 2006. According to Abbott, Plaintiff has failed to exhaust administrative remedies as to this claim and should, therefore, be dismissed. This Court agrees.

■■■ Failure to promote claims under Title VII and ADEA must go through the above described administrative exhaustion process before being included in a complaint filed in this Court. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 621, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007). Failure to promote is a "discrete act" of discrimination and each incident of failure to promote constitutes a separate actionable "unlawful employment practice" which needs to pass through the administrative exhaustion process. *AMTRAK v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

■■■ In order to properly exhaust administrative remedies, "[a]n individual must file a charge with the EEOC within the statutory time period and serve notice upon the person against whom the charge

---

**6.** Charge 16H20060278C contains Plaintiff's age discrimination claim.

**7.** Plaintiff alleges in its reply to Abbott's objections, that Plaintiff's failure to promote claim with regard to Quintana cannot be considered by this Court because Abbott never made this allegation in its second motion for summary judgment, nor in its reply brief. However, Plaintiff is mistaken. In its reply to Plaintiff's opposition to the second motion for summary judgment, Abbott specifically argues

that Plaintiff's failure to promote claim was not part of the administrative charge filed by Plaintiff. Abbott stressed that Plaintiffs' request to be promoted to Carrasquillo's position occurred in February 2007, which is after the charges were filed. Further, Abbott avers that Plaintiff did not file a separate charge as to this claim. (Docket No. 86).Consequently, this Court can consider this objection as it was previously presented to the Magistrate Judge.

is made." *AMTRAK v. Morgan*, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). In the case at bar, where there is an entity with the authority to grant or seek relief with respect to the alleged unlawful practice (AUD), and there is an employee who initially filed a grievance with that agency, the employee must file the charge with the EEOC within three-hundred (300) days of the employment practice; in all other cases the charge must be filed within 180 days. *See id.* Any claim not filed within these time limits is time barred. *Id.*

Accordingly, only those failure to promote claims that relate to events that occurred 300 days before the filing of Plaintiff's administrative charge before the EEOC are actionable. *C.f. id.* (finding that discrete acts of discrimination that relate to events that occurred prior to the 300 day filing period were time barred and no longer actionable). Since the above described failure to promote claim relates to events that occurred after Plaintiff's administrative charges were filed,[8] this Court finds such claim must be dismissed for failure to exhaust administrative remedies.[9]

### 5. *Supplemental Law Claims*

Abbott also argued that Plaintiff's state law claims should be dismissed. This Court should decline to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims when all federal claims are dismissed. *C.f. Ruiz–Sulsona v. Univ. of P.R.*, 334 F.3d 157, 161 (1st Cir.2003) (noting that "[a]s a general rule, where the district court dismisses the federal claims before trial, the court should dismiss the state law claims without prejudice"). Since this Court will not dismiss all the federal claims in the case at bar, Plaintiff's state law claims shall not be dismissed.

### CONCLUSION

For the reasons stated above, this Court **ADOPTS** in part the Magistrate Judge's Report and Recommendation. (Docket No. 115). Abbott's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Only the above described failure to promote claim shall be dismissed for failing to exhaust administrative remedies.

IT IS SO ORDERED.

---

**8.** On March 24, 2006, Plaintiff filed discrimination charge number UADA60198C before the ADU. Said charge was filed concurrently with the EEOC and was assigned number 16H20060278C. (Docket No. 21, ¶ 3; Docket No. 31, App. ¶ 1). On June 21, 2006, Plaintiff filed charge 165H200602344 with the EEOC amending number 16H20060278C. (Docket No. 28, Exh. 2, at 2; Docket No. 31, App. ¶ 3). The record does not reflect that Plaintiff filed any other administrative charges with the EEOC.

**9.** This Court notes that in its response to Plaintiff's opposition to its motion for summary judgment, (Docket No. 86), Abbott indicated that Plaintiff requested to be promoted to other positions which related to events that occurred in 2007. In its response, Abbott argued that these claims should also be dismissed for failing to exhaust administrative remedies as they relate to events that occurred after the date of filing of the administrative charges. (Docket No. 86). However, Abbott did not renew this request in its objections. (*See* Docket No. 116). As a result, this Court will not address said allegation as this Court "make[s] a *de novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon*, 283 F.Supp.2d at 555.