UNITED STATES of America,
Appellee,

v.

Robert ROBINSON, Defendant,
Appellant.

No. 03–1403.

United States Court of Appeals,
First Circuit.

Heard Oct. 10, 2003.

Decided March 2, 2004.

Jeffrey M. Silverstein, with whom Billings & Silverstein, was on brief, for appellant.

Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief, for appellee.

Before BOUDIN, Chief Judge, TORRUELLA, Circuit Judge, and OBERDORFER,* Senior District Judge.

TORRUELLA, Circuit Judge.

Defendant Robert Robinson ("Robinson") entered a conditional guilty plea to one count of possession of child pornography in violation of the Child Pornography Prevention Act, 18 U.S.C. § 2252A(a)(5)(B). Robinson preserved his objection to the district court's denial of his motion to suppress all evidence seized from his residence on July 25, 2001 pursuant to a search warrant. Robinson argued that the warrant, which authorized the search for various items including computer equipment, camera equipment and visual depictions of juveniles, was issued on the basis of an affidavit which failed to support probable cause. Robinson also argued that the good faith exception could not save the search. He was sentenced to 27 months in prison and three years of supervised release, and he now appeals the suppression ruling. After careful review, we affirm the district court's denial of the motion to suppress.

---

* Of the District of Columbia, sitting by designation.

1. Agent Caron indicated that the property to be seized could include

    Computer images, photographs, movies, videotape, slides, and/or undeveloped film depicting juveniles dressed, nude and/or involved in sexually explicit conduct.
    Camera equipment including but not limited to digital cameras, video cameras and monitors and items used to photograph, record, and/or display this material.
    Computer system(s) and all related peripheral attachments including but not limited to modems, printers, keyboards, mouse, and monitor. Any electronic data storage devices including but not limited to hardware, software, diskettes, back up tapes, and CD–ROMS. Any input/output pe-

## I. Background

### A. Procedural History

On July 25, 2001, Waterville Police Department Detective David Caron ("Caron" or "Agent Caron") applied for a warrant to search Robinson's residence for evidence of possession of sexually explicit material in violation of Maine state law. The warrant would authorize a search for various items, including images of children, computer systems and camera equipment.[1] In support of the warrant application, Caron submitted a nine-page affidavit—described more fully below—detailing the information that led Caron to suspect that Robinson possessed child pornography.

Agent Caron presented the warrant affidavit to James Mitchell, a state prosecutor, who indicated to Caron that the affidavit appeared "fine." Thereafter, Agent Caron presented the affidavit to a state of Maine district court judge.

The judge did not issue the warrant after her initial review. Rather, she requested clarification of certain hearsay statements relevant to the location of Robinson's computer. After speaking directly to the declarant, Agent Caron again sub-

ripherals including but not limited to passwords, data security devices and related documentation.
    Credit information including but not limited to credit cards, account numbers, billing statements and other correspondence from financial institutions which display personal account and or billing numbers, receipts and items showing online purchases via the Internet.
    Any and all items that would tend to establish the identity and age of any above descried [sic] juveniles.
    Correspondences, cancelled mail, utility bills, and/or items of evidence demonstrating dominion and control over the above-described items.

The Maine district court judge acceded to this request in full. Robinson has not challenged the particularity of the warrant.

mitted the affidavit to the judge, who issued the warrant on July 25, 2001. That same day, Caron and other law enforcement officers executed the warrant and seized several items from Robinson's apartment.

On May 14, 2002, a federal grand jury issued a one-count indictment charging Robinson with possession of child pornography. Robinson was arrested and arraigned the same day.

Robinson moved to suppress all evidence seized pursuant to the warrant. On August 14, 2002, the magistrate judge held an evidentiary hearing on the motion. At the hearing, Robinson argued that the warrant affidavit did not establish probable cause to search Robinson's apartment and that the good faith exception to the exclusionary rule should not be applied. Agent Caron testified regarding the process through which he obtained the warrant, his law enforcement experience and his basis for believing Robinson was storing child pornography on his computer.

The magistrate judge recommended denial of Robinson's motion, and on October 7, 2002, the district court issued an order denying suppression. Robinson entered a conditional guilty plea, preserving the suppression issue. On March 18, 2003, Robinson was sentenced to twenty-seven months of incarceration and three years of supervised release. This appeal followed.

## B. *The Warrant Affidavit*

According to Agent Caron's affidavit, on July 19, 2001, he received a phone call from a manager at Wal–Mart regarding sexually explicit film that had been dropped off for developing. Caron and another detective went to Wal–Mart and viewed the photos on a monitor. The photos showed what appeared to be two separate young girls. Two of the photographs depicted one of the two girls lying on her stomach wearing a top but no bottom, "her buttocks lifted slightly in the air, exposing her vagina." No pubic hair was visible. The other photographs depicted the other female, later identified as twelve-year-old Randi Goldsmith ("Randi" or "Goldsmith"), sleeping on a bed fully clothed—five faceless photographs focused on her crotch and one of those showed her underpants. Two photographs showed Goldsmith sleeping with her tank top to the side, exposing her breasts.

Lori Cayford's ("Cayford") name appeared on the deposit envelope for the film. At Caron's request, a Wal–Mart employee called Cayford to pick up the film. When Cayford arrived to pick up the film, Caron recognized her as the woman shown with the exposed vagina in the photographs. Caron spoke with Cayford after she claimed the film, and he learned that she was Robinson's 28–year–old girlfriend. When she was nine years old, Cayford suffered from a form of cancer that stunted her growth, making her appear much younger than her actual age. In response to Caron's questions, Cayford identified the other female in the photographs as her cousin, Goldsmith. Cayford informed Caron that she had taken the faceless photographs of Randi sleeping on the bed, but that Robinson must have taken the ones in which Goldsmith's chest was exposed.

Detective Caron spoke with Goldsmith the next day. Goldsmith stated that she was unaware of the pictures taken while she slept. She also informed Caron that Cayford and Robinson had spoken to her the day before, after Caron had talked to Cayford, and they asked Goldsmith to tell Caron that she knew about and had authorized the photographs. Goldsmith also mentioned in that conversation that Robinson had a picture on his wall of a woman on a truck wearing a thong bikini. Robin-

son had asked Goldsmith to pose like that for him, but she had declined.

Agent Caron also learned that Robinson spent a "great deal of time" on his home computer. Goldsmith stated that she had used the computer and had seen "hundreds of pornographic pictures" of adult women. On one occasion, she was using Robinson's home computer and saw a "pornographic" computer image of young people standing on their hands, but she gave no further details except to say the girls' chests were undeveloped and that neither the boys nor the girls had pubic hair.

Agent Caron also related conversations he had with Randi Goldsmith's parents and with Cayford's aunt. Goldsmith's mother took out a Temporary Restraining Order on behalf of Randi against Robinson. She explained in the narrative section of the Order that "I believe that he was going to scan it [the pictures] on his computer—He is always looking at XXX and child pornography." Agent Caron was also told that Cayford had asked Robinson to move his computer out to a shed in back of the house. Cayford's aunt complained that the phone line was always busy because Robinson was on the internet.

Prior to submitting his warrant application, Agent Caron spoke with Detective Alan Perkins, who is trained in and familiar with child abuse and exploitation investigations and has special knowledge about the use of computers in connection with pornographic images. Both Caron and Perkins agreed that the photos of Randi Goldsmith were not sexually explicit. Caron believed that the photos were sexually suggestive, possession of which does not violate Maine law.

In his affidavit, Agent Caron concluded that Robinson's premises "will contain the previously described items ... [which] are evidence of Possession of Sexually Explicit Material in violation of Title 17, Section 2924, a Class D crime."

## II. *Analysis*

Robinson argues that the underlying warrant affidavit failed to establish probable cause for the search of his premises for child pornography and that the good faith exception to the exclusionary rule, established in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), cannot save the search. The *Leon* Court held that, in most cases, a warrant's invalidity should not serve to suppress the fruits of the subsequent search when the officer acted in objective good faith in executing the warrant. *Id.* at 922, 104 S.Ct. 3405 (concluding that "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion").

We need not determine whether the warrant affidavit presented a basis for probable cause since we believe that Agent Caron acted in objective good faith and suppression is inappropriate. *See id.* at 925, 104 S.Ct. 3405; *e.g., United States v. Owens*, 167 F.3d 739, 745 (1st Cir.1999) (omitting analysis of the warrant's constitutionality because the "executing officers reasonably relied in good faith on a facially valid warrant"). We review good faith in this case with the benefit of an evidentiary hearing, held by the district court on the government's motion, to determine whether the *Leon* exception applied to this search. Since factors found outside the four corners of a warrant affidavit may support use of the exclusionary rule despite the issuance of a procedurally-compliant warrant, *see Leon*, 468 U.S. at 914–15, 104 S.Ct. 3405 (deference to a magistrate not appropriate when the affidavit is know-

ingly or recklessly false, or when a magistrate fails to independently review a warrant application and thereby serves as a "rubber stamp"), we find that the district court's hearing of pertinent testimony before applying the good faith exception strikes the right balance between deference to and oversight of the issuing magistrate's judgment.

■ This case falls well within the reach of the good faith exception to the exclusionary rule. "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Leon*, 468 U.S. at 926, 104 S.Ct. 3405. The record shows that the Maine state court judge who issued the warrant reviewed the affidavit carefully and refused to issue the warrant until Agent Caron verified certain hearsay statements. Robinson does not claim that the magistrate abandoned the judicial role.

■ There is no evidence that Agent Caron attempted to obtain a warrant through deceit or omission. No relevant information then available to Agent Caron was omitted from the warrant application. *See United States v. Brunette*, 256 F.3d 14, 19 (1st Cir.2001) (observing that the government faces a "high hurdle" to show good faith where "critical information known to the officer is omitted"). There is no evidence that Agent Caron intended to deceive the issuing state court judge. *See id.* at 19. In both his affidavit and during his testimony at the suppression hearing, Caron admitted that he did not believe the photographs he viewed qualified as sexually explicit within the meaning of Maine law.

Robinson objects to the federal magistrate's crediting the "elaborate steps" taken by Agent Caron to confirm his judgment regarding the existence of probable cause. The magistrate also noted that Caron made no effort to "gild the lily" in presenting the facts to the state court judge.[2] We find these facts important in evaluating good faith. Agent Caron's unwillingness to embellish the facts, his insistence on presenting the state court judge with all relevant information, including facts that worked against the government, and his efforts to validate this conclusion by consulting others with greater expertise in dealing with child pornography investigations all bolster the conclusion that Caron's reliance on the issuance of the warrant was objectively reasonable.

We have not addressed whether the Maine state court judge erred in issuing a warrant to search Robinson's home based on the affidavit. The legal insufficiency of an affidavit, though, is not always incompatible with a reasonable, well-trained officer's reliance upon the ensuing warrant. Indeed, we are unaware of any case that addresses probable cause under comparable circumstances. Agent Caron believed that the evidence in the aggregate gave probable cause to believe that Robinson was storing illegal images in his computer, and his warrant affidavit was far from "bare bones." *See Leon*, 468 U.S. at 926, 104 S.Ct. 3405. The affidavit described first-hand information from a pre-teen who

---

**2.** Agent Caron testified that although he believed he had the requisite level of probable cause to search, he decided against a consent search and opted instead in favor of the preferred method of seeking a warrant. As his affidavit and testimony at the suppression hearing indicated, before he presented the application to the issuing state court judge Caron endeavored to validate his assessment of probable cause by consulting other people with greater expertise in the area—Perkins and Mitchell—both of whom agreed with Caron's assessment.

was the unwitting subject of suggestive photographs as well as other conduct on Robinson's part, such as his propensity for viewing pornographic images on his computer and his attempt to have Goldsmith pose provocatively. Agent Caron also gave detailed descriptions of relevant, albeit legal, photographs.

■ Given that the issuing magistrate must consider the totality of the circumstances in reviewing an affidavit, *see Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), it was not unreasonable for Caron to believe the warrant was substantiated by his affidavit, which recounted the findings of a considerable investigation. *See United States v. Manning*, 79 F.3d 212, 221 (1st Cir.1996) ("The [officer's] affidavit had ample indicia of probable cause to render official belief as to its existence reasonable.") (internal quotations and citations omitted).

### III.  *Conclusion*

For the foregoing reasons, we affirm the district court's denial of Robinson's motion to suppress.

*Affirmed.*