**UNITED STATES of America, Plaintiff**

**v.**

**Fernando CRESPO–RIOS, Defendant.**

**Criminal No. 08–208 (JAG).**

United States District Court,
D. Puerto Rico.

June 5, 2009.

Jenifer Yois Hernandez–Vega, U.S. Attorney's Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

Rachel Brill, San Juan, PR, for Defendant.

### OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Fernando Crespo–Rios' ("Defendant") motion to suppress. (Docket No. 36). For the reasons set forth below, the Court **GRANTS** the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2008, a Search Warrant Application and an affidavit with attachments was submitted to the consideration of a Magistrate Judge seeking to search the residence of Defendant. The affidavit subscribed by an Agent of the Federal Bureau of Investigations ("FBI") contained her work background, including her experience

investigating crimes against children. Moreover, the affidavit contained details regarding the Agent's undercover investigation wherein she posed as a twelve (12) year old minor and participated in on-line chat sessions to identify individuals who were attempting to meet minors to engage in sexual activity. The affidavit also states the online chat sessions the Agent had wherein she had sexually explicit conversations with an individual subsequently identified as Defendant. Additionally, the affidavit indicates that Defendant sent her obscene material via his web cam. Furthermore, the affidavit explains how throughout the investigation the location of the computer being used by Defendant was identified. The affidavit also details the investigation, describes the location to be searched, specifically lists the items to be seized which included computers, CDs, zip drives, disks, diskettes, and other digital media (hereinafter referred to as "digital media"). Finally, the affidavit indicates the specifics regarding the search of the computer systems and digital media. Evidence of possession of child pornography was among the parameters of the search of any computer system and digital media seized. (Docket No. 36, Exh. 1).

The Magistrate Judge reviewed the affidavit and the search warrant was authorized. On May 9, 2008, a search warrant was executed by federal agents at the residence of Defendant. Pursuant to the execution of the search warrant and as specifically authorized by the same, computers, the corresponding hard drives, and other digital media were seized. The Government asserts that the hard drives seized were forensically examined and child pornography was found. On May 28, 2008, a federal Grand Jury issued an Indictment charging defendant with transferring obscene material to a minor and the unlawful possession of child pornography in violation of 18 U.S.C. §§ 1470 and 2252(a)(4)(B). The defendant is currently pending trial for such charges.

On February 23, 2009, Defendant moved to suppress the evidence of child pornography obtained from the search of the digital media seized from his home. Defendant avers that the affidavit and warrant were impermissibly general as they directed the seizure of an overly broad array of items as to which no probable cause for search and seizure existed. Defendant stresses that the two statutes mentioned in the affidavit and search warrant were 18 U.S.C. § 1470, transfer of obscene material to minors, and 18 U.S.C. § 2422(b) coercion and enticement of a minor to engage in sexual activity. According to Defendant, the search and seizure of the digital media allegedly containing child pornography was unconstitutional because neither the affidavit or search warrant contained any allegations supporting probable cause to search for evidence of violation of child pornography. (Docket No. 36). On April 1, 2009, the Government opposed Defendant's request. (Docket No. 43).

The motion to suppress was referred to a Magistrate Judge. (Docket Nos. 38 and 39). On April 13, 2009, the Magistrate Judge issued her Report and Recommendation. The Magistrate Judge recommended against the suppression of the evidence of child pornography. The Magistrate Judge concluded that the affidavit and search warrant established probable cause to search for evidence of enticement of a minor and transfer of obscene material to a minor. According to the Magistrate Judge, the digital media taken from Defendant's home was lawfully seized and searched pursuant to the search warrant as they were reasonably related to the commission of the crimes of enticement of a minor and transfer of obscene material to a minor. The Magistrate Judge further noted that the child

pornography allegedly found in Defendant's digital media could not be suppressed because it was an inevitable discovery that resulted from the forensic examination of the lawfully seized digital media. Alternatively, the Magistrate Judge found that Defendant's suppression request was unavailing because the good faith exemption was applicable to the case at bar.[1] (Docket No. 44).

On May 19, 2009, Defendant objected to the Magistrate Judge's Report and Recommendation. Defendant rehashed his argument that the search warrant was overly broad. Specifically, Defendant claims the digital media listed and the parameters of its search were not fully supported by probable cause of possession of child pornography or by a sufficient nexus with the purported criminal conduct, i.e. coercion and enticement of a minor and/or transfer of obscene material to a minor. Accordingly, Defendant asks that we suppress any and all evidence of child pornography obtained from the search of his digital media. Additionally, Defendant argues that the Government cannot rely on the good faith exception to the exclusionary rule or the doctrine of inevitable discovery. (Docket No. 51).

### STANDARD OF REVIEW

1. *Standard for Reviewing a Magistrate—Judge's Report and Recommendation*

Pursuant to 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); and Local Rule 503; a district court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuti-*

*cals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan,* 286 F.Supp.2d 231, 233 (D.P.R.2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the District Judge shall "make a de *novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.,* 283 F.Supp.2d 550, 555 (D.P.R.2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, the district court can assume that it has agreed to the Magistrate Judge's recommendation. *Alamo Rodriguez,* 286 F.Supp.2d at 146 (citing *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985)).

### DISCUSSION

 "The Fourth Amendment prohibits 'unreasonable searches and seizures.'" *United States v. McCarty,* 475 F.3d 39, 43 (1st Cir.2007). Thus, a search must be "reasonable" to be valid under the Fourth Amendment. *United States v. Graham,* 553 F.3d 6, 15 (1st Cir.2009) (internal citation omitted). To be considered reasonable, a search must be supported by probable cause and be executed pursuant to a particularized warrant authorizing the search. *See id.* It is important to note that the Fourth Amendment requires "probable cause, supported by Oath or affirmation" to justify the issuance of a search warrant.

---

1. The good faith exception applies when evidence is seized pursuant to an officer's objectively reasonable reliance on a subsequently invalidated search warrant. *United States v.*

*Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In such cases, the seized evidence should not be suppressed. *See id.*

U.S. Const. amend. IV. Under the Fourth Amendment, a determination of probable cause must have "substantial basis for . . . [concluding] that a search would uncover evidence of wrongdoing." *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (internal citations and quotation marks omitted) (alteration in original). There can be no doubt that the allegations contained in the affidavit, which included Defendant's use of his computer system and accessories to engage in sexually explicit conversation with the alleged presumed minor and the sending via web cam of obscene material to the presumed minor, established probable cause to seize and search Defendant's digital media for evidence of enticement and/or transfer of obscene material to minors. Defendant does not contest that there was probable cause to issue a search warrant as to evidence of Defendant's involvement in the incitement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and in the transfer of obscene material to a minor in violation of 18 U.S.C. § 1470. Defendant argues, however, that the search warrant was unconstitutionally overbroad because it allowed the FBI agents to search and seize evidence of child pornography in Defendant's home. As mentioned above, the digital media seized from Defendant's home contained child pornography and is the basis for Count One of the Indictment.

■ The Fourth Amendment prohibits the issuance of any warrant except one "particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This is known as the particularity requirement and its purpose is to limit the scope and intensity of the search. *United States v. Woodbury,* 511 F.3d 93, 97 (1st Cir.2007) (internal citations and quotation marks omitted). "When investigators fail to limit themselves to the particulars in the warrant, both the particularity requirement and the probable cause requirement are drained of all significance as restraining mechanisms, and the warrant limitation becomes a practical nullity." *Id.* (internal citation omitted). "In requiring a particular description of articles to be seized, the Fourth Amendment makes general searches . . . impossible." *United States v. Morris,* 977 F.2d 677, 681 (1st Cir.1992) (internal citation and quotation marks omitted). However, the prohibition of general searches cannot be confused with a demand for precise *ex ante* knowledge of the location and content of evidence related to the suspected violation. *United States v. Meek,* 366 F.3d 705, 715 (9th Cir.2004). The determination of the requisite particularity must be "flexible" and the description of items to be seized need only be "as specific as the circumstances and the nature of the activity under investigation permit." *United States v. Blair,* 214 F.3d 690, 697 (6th Cir.2000). Accordingly, "[t]he proper metric of sufficient specificity is whether it was reasonable to provide a more specific description of the items at that juncture of the investigation." *Id.*

The particularity requirement is concerned with at least two different problems: "one is whether the warrant supplies enough information to guide and control the agent's judgment in selecting what to take," . . . "and the other is whether the category as specified is too broad in the sense that it includes items that should not be seized." *United States v. Upham,* 168 F.3d 532, 535 (1st Cir.1999). Defendant's attack focuses on the second category. According to Defendant, the search warrant suffers from unconstitutional overbreadth because it allowed the FBI to seize evidence containing child pornography when probable

cause had not been established to seize evidence of such criminality.

The warrant to search Defendant's home listed numerous items to be seized related to the seduction of children. Because the suspected commission of this crime involved the use of the Internet, the warrant also included computer equipment, digital, and magnetic storage devices, and other digital media. The preface of the search warrant limited the seizure to only evidence of criminality. Specifically, the seizure was limited to evidence of transfer of obscene material to minors and of coercion of a minor to engage in sexual activity. Since the warrant suggested that the digital media to be seized was related to a specific criminal activity, it cannot be classified as a generic classification that would go against the particularity requirement of the Fourth Amendment. *See, e.g., United States v. Kow*, 58 F.3d 423, 427 (9th Cir. 1995) (holding that a warrant failed to comply with the Fourth Amendment's particularity requirement because it failed to give any indication of the alleged crime to which the seized documents pertained). Thus, this Court holds that suppression is not warranted under the particularity requirement of the Fourth Amendment because contrary to Defendant's argument the warrant was not overbroad in including Defendant's digital media among the items to be seized as he was suspected of using his computer system and accessories to seduce children and to transfer obscene material to them. Nevertheless, as will be further explained below, all evidence of child pornography obtained from the digital media must be suppressed because the search of the digital media was unreasonable.

■ In the present case, the affidavit provided probable cause to seize Defendant's digital media and to search it for evidence of seduction of children and/or

transfer of obscene material to minors. However, the warrant's supporting affidavit included evidence of possession of child pornography *as one of the parameters* for the search of the computer system and digital media seized. The affidavit states in pertinent part:

> The parameters set for this search are as follows: any and all chat logs, child pornography, child erotica, information pertaining to sexual interest in children, images depicting sexual contact between adults and minors, sexual activity with children contained within the computer and any other electronic media found at the residence of" Defendant. (Docket No. 36, Exh. 1, p. 21).

We agree with Defendant that the Agent's exposition of probable cause in the affidavit does not establish, allege, or even suggest any basis for a finding of probable cause to believe that Defendant had ever been involved in child pornography in any manner. *See United States v. Brunette*, 256 F.3d 14, 20 (1st Cir.2001) (holding that "court reviewing a warrant application to search for pornographic materials ordinarily is unable to perform the evaluation required by the Fourth Amendment if the application is based on allegedly pornographic images neither appended to, nor described in, the supporting affidavit"). Moreover, the Agent offered no assertion in the affidavit of any rational nexus between the purported criminality and child pornography. *See United States v. Adkins*, 169 Fed.Appx. 961, 967 (6th Cir. 2006) (noting that "[s]tanding alone, a high incidence of child molestation by persons convicted of child pornography crimes may not demonstrate that a child molester is likely to possess child pornography"). Thus, in the affidavit, the Agent established probable cause to search for evidence of seduction of children and/or transfer of obscene material to minors but

also designed and requested a search for evidence of an entirely different crime (child pornography). Since the affidavit contained no allegation or suggestion of child pornography, there was no probable cause for the parameters of the search to include such evidence. Thus, the search of Defendant's digital media was unreasonable and in violation of the Fourth Amendment because the warrant did not authorize the forensic examination[2] of Defendant's digital media for evidence of child pornography. *See, e.g., United States v. Hodson,* 543 F.3d 286, 292 (6th Cir.2008) (holding that evidence of child pornography found in a defendant's computer must be suppressed because the affidavit in support of the warrant established probable cause for one crime (child molestation) but designed and requested a search for evidence of an entirely different crime (child pornography)).

This Court notes that if the parameters of the search had not included evidence of possession of child pornography said evidence may not have been suppressed. In such a scenario, similar to the present case, the digital media containing the child pornography would have been seized pursuant to a valid warrant and searched for evidence of enticement and transfer of obscene material to a minor. However, unlike the case at bar, the child pornography would then be the result of the forensic examination of the digital media for only evidence of enticement or coercion of minors and/or transfer of obscene material to a minor, as allowed by the warrant. The evidence of child pornography could then be admissible under the plain view doctrine because the incriminating nature of

the child pornography would be immediately apparent to the Government. *Horton v. California,* 496 U.S. 128, 136–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) (noting that to satisfy the plain view doctrine: (1) the officer must be lawfully in the place where the seized item was in plain view; (2) the item's incriminating nature was "immediately apparent;" and (3) the officer had "a lawful right of access to the object itself") (internal citations omitted); *see also, e.g., United States v. Wong,* 334 F.3d 831, 838 (9th Cir.2003) (finding the plain view doctrine applicable to child pornography discovered during a lawful search of a computer's graphic files for evidence of murder).[3] The evidence of child pornography could then be properly used to indict defendant of unlawful possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). *See Gouled v. United States,* 255 U.S. 298, 311–312, 41 S.Ct. 261, 65 L.Ed. 647 (1921) (abrogated on other grounds) (holding that property seized under a valid search warrant may be used by the Government in the prosecution of a suspected person for a crime other than that which may have been described in the warrant's affidavit as having been committed by him). However, here, that is not the case.

 In order to deter future violations of the Fourth Amendment, the usual remedy for searches made with a defective warrant is suppression. *See United States v. Woodbury,* 511 F.3d 93, 99 (1st Cir.2007) (internal citations omitted). However, suppression is not always warranted. Pursuant to the Supreme Court's decision in *Leon,* suppression is generally inappropri-

2. A forensic examination of a computer and/or digital media constitutes a "search" for purposes of the Fourth Amendment.

3. This Court recognizes that the Magistrate Judge determined that the admissibility of the

child pornography found may fall under the inevitable discovery doctrine. Nonetheless, we find that the plain view doctrine would be more appropriate for this scenario.

ate when the good faith exception applies. *Leon,* 468 U.S. at 922, 104 S.Ct. 3405. "The *Leon* Court held that, in most cases, a warrant's invalidity should not serve to suppress the fruits of the subsequent search when the officer acted in objective good faith in executing the warrant." *United States v. Robinson,* 359 F.3d 66, 69 (1st Cir.2004). In such cases, suppression would serve no deterrent purpose as the "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *Leon,* 468 U.S. at 922, 104 S.Ct. 3405. Basically, the doctrine forgives an officer for the error of the Magistrate that issued the search warrant. *United States v. Winston,* 444 F.3d 115, 127 n. 6 (1st Cir.2006). However, there are four exclusions to the *Leon* good faith exception: (1) "when the magistrate ... was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth;" (2) "where the issuing magistrate wholly abandoned his [detached and neutral] judicial role;" (3) where the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and (4) where a warrant is "so facially deficient—i.e. in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Leon,* 468 U.S. at 923, 104 S.Ct. 3405. Under these four scenarios, an officer cannot assert reasonable reliance nor can Courts find good faith.

■ We find that the affidavit falls within the third exclusion, that is, the warrant was so lacking in indicia of probable cause that the officer's belief in its existence was unreasonable. Under this exclusion, the officer must have no "reasonable grounds for believing that the warrant was properly issued." *Id.* It is important to note that when analyzing whether this exclusion applies our inquiry does not examine the state of mind of the officer conducting the search. "[O]ur good faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 923 n. 23.

This Court holds that a "reasonably well trained officer" in the field, upon looking at this warrant, would have realized that the search for evidence of the crime of child pornography did not match the probable cause described, i.e. that evidence would be found of different crimes, namely, seduction of a child and transfer of obscene material to a minor. In other words, it is unreasonable and, thus, contrary to the protections afforded by the Fourth Amendment, for the officer that executed the search warrant to believe that probable cause existed to search Defendant's computer and digital media for child pornography based on a suspicion that Defendant used his computer and accessories to seduce minors and transfer obscene material to children. This Court further notes that the Agent that executed the search warrant was also the investigating officer who prepared the affidavit, obtained the warrant, and presumably has subjective knowledge about these kinds of criminal offenses, this search, and this case. However, as explained above, the Agent's subjective knowledge is not sufficient to satisfy a finding of objective good faith. Accordingly, this Court finds that the *Leon* good faith exception is inapplicable to the case at bar. *See, e.g., Hodson,* 543 F.3d at 293 (holding that it was unreasonable for the officer executing the warrant to believe that probable cause existed

to search defendant's computers for child pornography based solely on a suspicion—albeit a suspicion triggered by defendant's computer use—that defendant had engaged in child molestation).

In sum, we find that the Magistrate Judge was unreasonable in authorizing the search for evidence of child pornography because the affidavit contained no allegation nor any evidence that linked Defendant to the crime of child pornography. Accordingly, the search of Defendant's digital media for evidence of child pornography was in violation of the Fourth Amendment. This Court further holds that the good faith exemption is inapplicable to the case at bar. Consequently, this Court finds that in order to deter any future violations of the Fourth Amendment, all evidence of child pornography that resulted from the search of the digital media seized from Defendant's home must be excluded from trial.

## CONCLUSION

For the reasons stated above, the Court hereby **REJECTS** the Magistrate–Judge's Report and Recommendation, (Docket No. 44), and **GRANTS** Defendant's motion to suppress. (Docket No. 36). All evidence of child pornography obtained from the forensic examination of Defendant's digital media is hereby excluded from trial.

IT IS SO ORDERED.