JOHN R. GIBSON, Circuit Judge,
dissenting.
Because I disagree that the facts set forth in the affidavit establish probable cause to search Colbert’s apartment for child pornography, I respectfully dissent. The majority relies upon a dangerous assumption in reaching its conclusion that the affidavit satisfies the requirements of the Fourth Amendment.
It is an inferential fallacy of ancient standing to conclude that, because members of group A (those who collect child pornography) are likely to be members of group B (those attracted to children), then group B is entirely, or even largely composed of, members of group A. Although offenses relating to child pornography and sexual abuse of minors both involve the exploitation of children, that does not compel, or even suggest, the correlation drawn by the district court. Perhaps it is true that all or most people who are attracted to minors collect child pornography. But that association is nowhere stated or supported in the affidavit. While the district court undoubtedly had the safety of the public in mind, an individual’s Fourth Amendment right cannot be vitiated based on fallacious inferences drawn from facts not supported by the affidavit.
United States v. Falso, 544 F.3d 110, 123 (2d Cir.2008) (internal quotation marks and citations omitted).
Here, Colbert was reported to have carried on a lengthy conversation with a young girl in a park. Based on this interaction, and evidence indicating that *580 Colbert possessed handcuffs and other items consistent with the appearance of a police officer, Detective Myers and Sergeant Glandon decided to obtain a warrant to search Colbert’s residence for the “children’s movies” Colbert had allegedly discussed with the child. Detective Dinneweth then prepared a search warrant affidavit vaguely describing the events at the park and the evidence obtained during the search of Colbert’s car. Although the affidavit likely provided probable cause to search for evidence of child enticement, the warrant sought only evidence related to the crime of child pornography.
As the majority notes, several courts have specifically rejected the idea that probable cause to believe that an individual engaged in the crime of child enticement, or even child molestation, is sufficient to establish probable cause to search the individual’s home for evidence of child pornography. See Falso, 544 F.3d at 123; United States v. Hodson, 543 F.3d 286 (6th Cir.2008) (holding that affidavit establishing crime of child molestation was insufficient to search for evidence of child pornography); see also United States v. Crespo-Rios, 623 F.Supp.2d 198 (D.Puerto Rico 2009) (same); People of the Virgin Islands v. John, 2009 WL 2043872 (S.Ct. V.I. July 1, 2009) (per curiam) (same). After dismissing contrary authority, the majority quotes language from two cases concerning a possible relationship between possession of child pornography and child exploitation, neither of which stand for the proposition that probable cause for one of the crimes is sufficient to allow a search for evidence of the other.
Recognizing this weakness, the panel goes on to hang its hat on Colbert’s alleged statement that he “had movies and videos [the child] would like to watch.” The majority states that “it would strain credulity to believe that Colbert was attempting to lure the child there to watch, say ‘Mary Poppins’ or ‘the Sound of Music’ .... ” The record, however, reveals otherwise. Detective Myers specifically testified that she and Sergeant Glandon decided to seek a search warrant in order to obtain the “children’s movies” Colbert had discussed with the child:
Q: And according to your report, Sergeant Glandon suggested getting a search warrant for the residence to look for the numerous children’s movies Colbert claimed to have; isn’t that correct?
A: Correct
Q: The children’s movies?
A: Correct
Detective Myers also explained the reason why Colbert was likely referencing children’s movies:
Well, it’s our training that a subject that would discuss interesting things to do back at their home or that they have children’s movies back there is a way to make that location desirable to the child to try to get trust to try to get the child to go with them.
Finally, Detective Myers replied “No” when the Court asked whether she was asserting that “if he, Mr. Colbert, was talking about movies with a 5 year old, that it’s most likely pornographic movies? Is that what you’re telling me?”
A court should not substitute its own assumptions for the experienced expertise of Detective Myers and others trained in the area of child crimes. At best, the affidavit established probable cause to believe that Colbert was involved in the crime of child enticement. Even if a relationship exists between child enticement and child pornography, “it was unreasonable for the magistrate judge ... to infer such a nexus without further evidence to *581 support that inference.” Hodson, 543 F.3d at 293. Accordingly, I would conclude that the warrant did not comply with the Fourth Amendment.
Finally, I disagree with the majority’s alternative conclusion that the search can be upheld under the Leon good-faith exception. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). For the same reasons articulated in Hodson, I conclude that the search warrant was so lacking in indicia of probable cause as to render official belief in its existence unreasonable.
[I]t was unreasonable for the officer executing the warrant in this case to believe that probable cause existed to search [defendant’s] computers for child pornography based solely on a suspicion ... [defendant] had engaged in child molestation. And, based on the record evidence, it appears that the only reason that the officer executing the search warrant ... did not recognize the insufficiency of the warrant was that [the detective] was also the investigating officer who prepared the affidavit, obtained the warrant, and had specialized, subjective knowledge about these kinds of criminal offenses, this search, and this case. But, as the Supreme Court has made clear, such subjective knowledge is not sufficient to satisfy a finding of objective good faith.
543 F.3d at 293.
Accordingly, I would reverse the judgment of the district court.